[Civ. No. 1516.   First Appellate District.—September 16, 1915.]

## T. H. MINOR, Respondent, v. SAMUEL CARPENTER, Appellant.

PROMISSORY NOTES—JUDGMENT ON PLEADINGS—CONSTRUCTION OF CONTRACT—INSUFFICIENCY OF DEFENSE.—In this action upon promissory notes, it is held that a certain agreement which defendant contends extended the time of payment of the notes beyond the date of the commencement of the action so as to support the claim and plea that the action was prematurely brought, does not bear such construction, and the court properly granted plaintiff's motion for a judgment on the pleadings.

ID.—EXTENSIONS OF TIME OF PAYMENT—DEFINITE TIME ESSENTIAL.—
Extensions of time of payment of promissory notes must be for a
definite time in order to be valid.

ID.—PLEADING—NONPAYMENT—INSUFFICIENT DENIAL.—Where the com-
plaint expressly averred the nonpayment of the notes and the de-
fendant did not negative the averment except by the denial in his
answer that there is not now due any sum or amount whatever, the
denial was insufficient to put in issue the payment of the notes, as
it was a mere conclusion of law.

ID.—CONTINUANCE—TIME TO AMEND PLEADINGS.—Defendant's conten-
tion that he should have been granted time by the court to amend
his pleadings is sufficiently answered by the fact that he presented
no application to the court for permission to make such an amend-
ment either before or after the motion for judgment on the plead-
ings was submitted to the court for decision.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Franklin A. Griffin,
Judge.

The facts are stated in the opinion of the court.

L. F. Coburn, for Appellant.

Frank McGowan, and Thomas G. Negrich, for Respondent.

LENNON, P. J.—This action was brought to recover judg-
ment upon three promissory notes executed by the defendant
to the plaintiff and aggregating the sum of six hundred and
eight dollars. The plaintiff moved for a judgment on the
pleadings after answer filed. The court granted the plain-
tiff's motion, and from the judgment thereupon entered the
defendant prosecutes this appeal.

The main point involved in the appeal is as to whether a
certain agreement in writing between the parties subsequent
to the execution of these notes and to the time they fell due,
set forth in the answer, amounts to an extension of the time
of payment of these notes beyond the date of the commence-
ment of this action so as to support the claim and plea that
this action was prematurely brought.

We have read this agreement carefully to determine
whether it will bear this construction, but there is not a word
or sentence in it which, either expressly or by fair intend-
ment, refers to any extension in the time of payment of the

notes in question; and while it is true that said agreement purports to provide a way in which the defendant may be able to pay his full indebtedness to the plaintiff, amounting to a sum greatly in excess of the sum due on these notes, still the plaintiff nowhere therein stipulates to await the out-working of the plan provided for in such agreement before suing upon these over-due notes. A particular vice in the argument of the appellant as to the scope and effect of this agreement is that no time is fixed to which the payment of these notes is to be extended. The authorities seem to hold with considerable uniformity that extensions in the time of payment of promissory notes must be for a definite time in order to be valid; and such appears to be the rule in this state (*Brenneke* v. *Smallman,* 2 Cal. App. 306, [83 Pac. 302].)

There is no merit in the appellant's contention that he has sufficiently put in issue the payment of these notes by the denial in his answer that there is now due thereon any sum or amount whatever. The complaint expressly averred the nonpayment of these notes; and this averment the defendant does not negative except in the form above stated, and which being a mere conclusion of law, is clearly insufficient to present an issue of fact. Besides, a reading of the defendant's answer as a whole discloses that the only basis for his plea that these notes were not due at the time the action was begun consists in the construction he places upon the aforesaid agreement.

The defendant's contention that he should have been granted time by the court to have amended his pleadings is sufficiently answered by the fact that he presented no application to the court for permission to make such amendment either before or after the motion for judgment on the pleadings was submitted to the court for decision.

Judgment affirmed.

Kerrigan, J., and Richards, J., concurred.