[L. A. No. 4201.   In Bank.—May 20, 1916.]

# HENRIETTE SCHEELINE et al., Appellants, v. D. B. MOSHIER, Respondent.

[L. A. No. 4225.   In Bank.—May 20, 1916.]

# HENRIETTE SCHEELINE et al., Respondents, v. D. B. MOSHIER, Appellant.

PROMISSORY NOTE—CONDITIONAL STIPULATION TO ACCEPT INSTALLMENT PAYMENTS—DEFAULT IN PAYMENTS—ACCRUAL OF CAUSE OF ACTION.—Under a written stipulation filed in an action on a promissory note, by the terms of which the plaintiff agreed to accept an amount less than the face of the note in full payment thereof, provided it was paid in installments on specific dates, and the defendant agreed to pay the same, and if he failed to make any payment for a period of fifteen days after the time specified, plaintiff might take judgment against him for the full amount of the note, the plaintiff is entitled, upon default in a payment on a date specified, to maintain another action to recover the amount of the note without waiting for the expiration of fifteen days, subject, however, to a proper plea of another action pending.

ID.—CONSIDERATION FOR STIPULATION — PART PERFORMANCE.—Where such stipulation was filed in the action and the parties acted in pursuance of its provisions for a considerable time thereafter, it cannot be said to be without consideration as a stipulation controlling the proceeding in the action.

ID.—MODIFICATION BY ORAL AGREEMENT—WANT OF CONSIDERATION—EXTENSION OF TIME OF PAYMENT.—The plaintiffs' subsequent oral agreement, made without any consideration, that the defendant might have further time in which to make the payments provided for in the stipulation, was not binding on the plaintiff, and was not a legal excuse for a default in a payment on the date called for by the stipulation.

ID.—WRITTEN ACCEPTANCE OF PART PERFORMANCE IN SATISFACTION OF OBLIGATION.—Section 1524 of the Civil Code, providing that "part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing, in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation," applies to written agreements only.

ID.—PLEADING—INSUFFICIENT ANSWER—JUDGMENT ON PLEADINGS.—An answer, merely denying that any money had been paid on the note and alleging that the obligation of the note had been extinguished

by the execution of such stipulation, which shows on its face that the defendant was in default under the stipulation at the time of the commencement of the action, states no defense, and entitles the plaintiff to judgment on the pleadings.

ID.—PLEA IN ABATEMENT—FORMER ACTION PENDING—SHOWING OF COMMENCEMENT OF ACTION.—A plea in abatement of another action pending is insufficient, if it contains no averment from which it could be determined when the action pleaded in abatement had been brought. Pleas in abatement are not favored, and should be judged with strictness.

ID.—PLEA IN BAR—FINAL JUDGMENT.—A plea in bar of a judgment rendered in a former action is insufficient if it appears that the judgment had not become final.

ID.—JUDGMENT DETERMINING SUIT WAS PREMATURELY BROUGHT.—A judgment for the defendant, merely determining in effect that plaintiffs' suit was prematurely brought, is not a bar to another suit after the accrual of the cause of action.

APPEALS from judgments of the Superior Court of Kern County. J. W. Mahon, Judge in Case No. 4201, and Milton T. Farmer, Judge in Case No. 4225.

The facts are stated in the opinion of the court.

Kaye & Siemon, for Plaintiff.

S. Wyman Smith, and E. J. Emmons, for Defendant.

SHAW, J.—The appeals presented in the above-entitled cases are from judgments rendered in separate actions founded upon the same obligation, namely, a promissory note for $1,879.55, executed by the defendant to the plaintiffs, dated December 27, 1909, due one day after date, with six per cent interest until paid. Said note has been the subject of three actions between the parties. The first action was begun before the commencement of either of the actions embraced in these appeals. In case No. 4201, judgment was given for the defendant and the plaintiffs appeal. In case No. 4225, judgment was given in favor of the plaintiffs against the defendant for the balance of the principal and interest due upon said note, and the defendant appeals. The appeal in each case was taken to the district court of appeal of the second district. That court took up the cases separately and made separate decisions thereon at different times,

first reversing the judgment for the defendant in case No. 4201, and then affirming the judgment for the plaintiff in No. 4225. Afterward the cases were transferred to this court for rehearing. Upon further consideration we find that the district court correctly decided the cases, and we approve the opinions rendered in that court in case No. 4201 by Mr. Justice Shaw and in case No. 4225 by Mr. Justice James.

The opinion of Mr. Justice Shaw is as follows:

''This was an action brought to recover upon a promissory note made by the defendant whereby he promised to pay plaintiff the sum of $1,879.55. This note had formed the basis of a prior suit between the same parties for recovery thereon. After defendant had interposed a demurrer to the complaint in this first suit, a stipulation was filed therein whereby plaintiff agreed to accept one thousand five hundred dollars in full payment of the note and interest, provided the same should be paid in the following manner, to wit: one hundred dollars on September 20, 1912, and one hundred dollars on the twentieth day of each month thereafter until the sum of five hundred dollars should be paid; one hundred dollars on the twentieth day of August, 1913, and one hundred dollars on the twentieth day of each and every month thereafter until the balance of said sum of one thousand five hundred dollars was paid. Defendant made the first five payments in accordance with the stipulation, but neglected and failed to make the payment of one hundred dollars stipulated to be paid on August 20th, as well as the payments thereafter agreed to be made. After such default, and on August 23d, plaintiff instituted this action to recover the full amount and interest as specified in said promissory note.

''Plaintiff appeals from a judgment in favor of defendant, and from an order denying a motion for a new trial. By the terms of the stipulation the defendant covenanted and agreed to pay said one thousand five hundred dollars in the manner and at the times therein specified, and further agreed 'that in the event he fails for a period of fifteen days to make any of the payments . . . specified at the times . . . mentioned, then and in that event the said plaintiff may have judgment for the full amount of the principal and interest of said note, together with costs.' The court found, among other things, that notwithstanding the failure to make

said payment on the 20th of August as provided in said stipulation, nevertheless the defendant was not in default on account thereof by reason of the fact that the action was instituted within what it designated 'the fifteen days of grace allowed by the terms of said stipulation.'

"We do not so interpret the stipulation. The agreement on the part of plaintiff was to accept the one thousand five hundred dollars in full payment provided it was paid in the manner therein specified, and the specifications called for the payment of one hundred dollars on August 20th. Defendant agreed so to make the payments. He further agreed that if he failed to make any payment for a period of fifteen days after the time so specified, plaintiff might take judgment against him for the full amount of principal and interest. In other words, had plaintiff waited fifteen days after the twentieth day of August, it might have invoked such provision in the stipulation, claiming that defendant was estopped from making any defense to the action, since he had agreed in such event that plaintiff should have judgment for the full amount of said note with costs of suit. The stipulation cannot be construed as requiring plaintiff to wait fifteen days after default, before exercising its right to sue upon the note; and hence having elected to sue upon default in the making of the payment called for on August 20th and before the expiration of the fifteen days, defendant was free to invoke any defense open to him in resisting payment of said note. So construed, the finding of the court, to the effect that no default had been made in the payments provided by said stipulation, is unsupported by the evidence.

"The court further found that plaintiff, in December, 1912, agreed that the defendant might have a reasonable time beyond the fifteen days of grace within which to make the said payments provided for in the stipulation. This alleged agreement was oral, and no consideration was paid therefor. The general rule is that where there is no new consideration and no benefit accruing to the creditor and no damage to the debtor, the creditor may violate with legal impunity the promise so made to his debtor to accept a lesser sum than that due, however freely and understandingly made. (*Brooks* v. *White,* 2 Met. (Mass.) 283, [37 Am. Dec. 95].) The contention of the respondent, however, is that this general rule has been modified in this state by section 1524 of the Civil Code,

which provides: 'Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing, in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation.' Accepting respondent's interpretation of this provision it applies to written agreements only. The only writing was the stipulation filed in the prior suit, whereby plaintiff agreed to accept one thousand five hundred dollars *provided* it should be paid as therein specified. Such oral agreement, made without consideration, was not binding upon plaintiff and constitutes no legal excuse for the default made in the payment called for on August 20th by the terms of the stipulation. (*Simmons* v. *Hamilton,* 56 Cal. 495.)''

The opinion of Mr. Justice James is as follows:

''This action was brought to recover an alleged balance due on a promissory note, executed by defendant. An answer was filed and a motion thereafter made on the part of plaintiffs for judgment on the pleadings because of the alleged failure of the answer to present an issue. This motion was by the court granted. After the motion for judgment on the pleadings had been presented, but before decision of the court was made thereon, the defendant presented and asked leave to file an amended answer, which leave was denied. He thereafter appealed from the ·judgment and states in his notice of appeal that he also appeals from the order denying his application for leave to file the amended answer.

''Without giving attention to the objection made by the respondents touching the alleged imperfections in the record which appellant presents here, the main questions sought to be reviewed will be considered.

''The judgment on the pleadings, in our opinion, was rightly entered. By the answer defendant admitted the allegations of the complaint as to the copartnership of the plaintiffs and as to the execution of the promissory note sued upon, and then denied that the money had been paid thereon, and alleged that the obligation of the note had been extinguished by the execution of a new agreement or stipulation made in another action. The stipulation was set out in full in the answer, and it appears by inspection thereof that the defendant was in default under the stipulation at the time of the commencement of this action. This court recently

considered that stipulation, and held that a judgment in favor of defendant in a former suit on the note should be reversed. (See above.) Applying the conclusions reached in that case to the first defense set up by the defendant in his answer here, it is apparent that there was no issue raised by the denial as to payment, nor the allegation as to the agreement stipulated having been substituted in place of the note obligation.

"The alleged pleas in abatement and in bar were insufficient. The first plea was in the following words: 'This defendant alleges: 1. That there is another action pending between the same parties for the same cause of action, to wit: That certain action No. 8731 in the superior court of the state of California in and for the county of Kern.' There was no allegation expressed from which it could be determined when the action pleaded in abatement had been brought. If that action so pleaded was not pending at the time of the commencement of this suit, then it would not furnish cause for the abatement of the latter. The pleading of this issue should have been as broad as the essential facts necessary to be proved to sustain it. On the sufficiency of such a defense, see *Vance* v. *Olinger,* 27 Cal. 358; *Martin* v. *Splivalo,* 69 Cal. 611, [11 Pac. 484]. Pleas in abatement are not favored, and should be judged with strictness. (*California Sav. & Loan Soc.* v. *Harris,* 111 Cal. 133, [43 Pac. 525].)

"The plea of a judgment rendered in the former action, as separately set out as a plea in bar in the answer, was insufficient, for the reason that it appeared that said judgment had not become final. Furthermore, on the face of it, the judgment was not such an adjudication as would bar the bringing of this action, which was commenced about two months after the entry of that judgment. The first judgment determined in effect that plaintiff's suit was prematurely brought. The complaint in this action fairly showed a cause of action in favor of the plaintiffs accruing at and subsequent to the time alleged in the complaint in the former suit.

"The plea of a tender was not sufficient; the tender alleged was not made in time.

"It will not be necessary to analyze the allegations of the amended answer and determine whether respondents are correct in stating that the contents thereof do not assist in stating a better defense than was stated in the answer filed. An

inspection of the offered amended answer shows that as to the merits of the case the defense was practically identical with that stated in the original answer. Under such circumstances it was not, in our opinion, as abuse of discretion for the trial judge to refuse to allow the amended answer to be filed.''

We are satisfied that the construction given by the district court of appeal to the stipulation filed in the original action on the note is correct. It was by its terms made conditional. The acceptance of one thousand five hundred dollars (less than the sum admitted to be due) was to take place "providing" the payment thereof was made in the "manner" therein specified, not otherwise. If not so made, plaintiff was not bound. The manner provided was the payment of installments of one hundred dollars each at stated times. Upon failure to pay any installment at the stated time, the condition failed, and the plaintiff had then the right to treat the stipulation as a nullity, so far as the original obligation was concerned, and hold the defendant to the contract evidenced by the note. "Upon the breach of the terms of an agreement or abandonment by one party thereto, the other party may treat the agreement as a nullity and be remitted to his original cause of action." (8 Cyc. 535.) This right is not affected by the subsequent clause providing for judgment in that action when the failure had continued for fifteen days. That clause gave authority to proceed in that action and cut off the defendant's privilege of making defenses therein in that event, but it was not exclusive, and it does not purport to change the rights of the plaintiff arising from a breach of the condition.

As the stipulation was filed in the action and the parties acted in pursuance of its provisions for several months thereafter, it cannot be said to be without consideration as a stipulation controlling the proceeding in the action. (6 Am. & Eng. Ency. of Law, p. 711; *Smith* v. *Whittier,* 95 Cal. 287, 288, [30 Pac. 529].)

As the district court took up the cases separately and decided them at different times, it properly reversed the judgment and order in case No. 4201 and remanded the cause for a new trial. But as we are now considering them together, we may go further. The judgment in No. 4225, being a just determination of the rights of the parties, should stand

as it is.  In the other case, the judgment and order should not only be reversed, but the case should be dismissed by the lower court.  It is clear that the defendant had no meritorious defense to the note.  The defenses he proposes to raise grow out of technical matters of procedure in the efforts of the plaintiffs to enforce payment of a just debt.  The judgment in No. 4225 gives plaintiffs all they ask for or can obtain in the way of relief.  Further litigation in case No. 4201 will be entirely useless and fruitless to either party.  If that case is dismissed, the plaintiffs will be chargeable with the costs of that action.  In this we perceive no injustice.

In case No. 4201 the judgment and order are reversed and the cause remanded to the court below, with directions to dismiss the action.

In case No. 4225 the judgment is affirmed.

Melvin, J., Sloss, J., and Henshaw, J., concurred.

Lawlor, J., and Angellotti, C. J., concurred in the judgment.