[L. A. No. 9157. Department Two.—February 23, 1928.]

DORCAS LORENA MOREL, Respondent, v. JULES MOREL, Appellant.

Willedd Andrews for Appellant.

Dryer, Castle & Hartke for Respondent.

RICHARDS, J.—This appeal is from an order of the trial court granting the motion of the plaintiff for judgment on the pleadings in an action to quiet title. The complaint herein was filed on October 11, 1922. The plaintiff therein set forth with much detail her chain of title to the property and also set forth with like detail the sources of the appellant's claim of an estate or interest therein and that his claims thereto are false, fictitious, and fraudulent. Thereafter and on October 4, 1924, the plaintiff, by leave of court, filed her second amended complaint, wherein she set forth with equal or even greater detail her chain of title and the basis of the defendant's alleged fictitious claims. The defendant on October 14, 1924, filed his answer to said second amended complaint. The cause, being thus apparently at issue, was set for trial in the superior court and came on regularly for trial therein on December 16, 1925, before the court sitting without a jury, whereupon and at the inception of said trial the plaintiff moved for a judgment in her favor upon the pleadings, and upon the ground that the defendant's answer contained no sufficient denials of said second amended complaint. The trial court granted said motion and accordingly made and entered its judgment in the plaintiff's favor, and it is from such judgment that this appeal has been taken.

The cause upon appeal is presented upon the judgment-roll. ▓ The appellant makes two contentions, the first of which is that the trial court was in error in entertaining said motion for judgment on the pleadings without previous notice having been given to the defendant that such motion would be made on the day of trial. There is no merit in this contention. The Code of Civil Procedure contains no requirement for the giving of notice of a motion for judgment on the pleadings when the parties are in open court when such motion is made at the inception of the trial. The parties were in open court when this motion was made and made objection thereto upon the ground that notice thereof had not been given. Such notice, even if it had been necessary, would thereby have been waived. ▓ The appellant's second contention is that the answer of the defendant raised a sufficient issue to require a denial of said motion.

It is true that the answer contains the following clause: "Denies that plaintiff is the owner or is entitled to the possession of the real property described in plaintiff's second amended complaint." This denial, however, cannot be held sufficient to present an issue in view of the fact that the plaintiff's second amended complaint sets forth in detail the probative facts upon which the plaintiff's title to the ownership of the property in question are based, and the defendant having failed to deny these in his answer his denial of such ownership in the plaintiff must be held to be merely the denial of a legal conclusion. (*Davies* v. *Ramsdell*, 40 Cal. App. 427 [181 Pac. 94].) It follows that the trial court was not in error in granting the plaintiff's motion for judgment on the pleadings, nor in entering judgment thereon in plaintiff's favor.

The judgment is affirmed.

Langdon, J., and Shenk, J., concurred.