[L. A. No. 8847. Department Two.—June 11, 1928.]

JEANETTE P. WHITE, Respondent, v. EDWARD A. JACOBS et al., Appellants.

Oliver O. Clark, J. Sanford Wilson, Walker R. Flint, and Dan V. Noland for Appellants.

Loewenthal, Lissner, Roth & Gunter for Respondent.

RICHARDS, J.—This appeal is prosecuted by certain of the defendants herein from a judgment rendered against them upon the pleadings in an action wherein the plaintiff sought to recover certain sums of money, with interest, claimed to be due her on account of a certain agreement in writing which proved, for reasons hereinafter to be stated, to have been illegal and void. The plaintiff's complaint was in three counts, the first of which was in the form of a common count wherein the defendants, and each of them, were alleged to have become indebted to the plaintiff in the sum of $3,500 for money had and received by said defendants for the use and benefit of plaintiff, no part of which had been repaid. The second count was in the same form, alleging an indebtedness in the sum of $514.50, which remained due and unpaid. By the third count the plaintiff proceeded to set forth the details of a certain real estate transaction whereby the defendants undertook and agreed in writing to sell to the plaintiff certain parcels of real estate which were described therein by reference to a certain map which had never been recorded as required by the provisions of an act of the legislature, adopted in 1907 (Stats. 1907, p. 290), requiring the recordation of maps of subdivisions of land for purposes of sale and prohibiting the selling or offering for sale of lands by reference to said maps unless the same were recorded. The plaintiff alleges that pursuant to said contract she paid to the defendants the sums of money which are referred to in the first two counts of her complaint, and which aggregate the sum of $4,014.50, and for the recovery of which she sues, basing her right thereto upon the claim that said transaction was illegal and void as in violation of the aforesaid statute. The defendants Edward A. Jacobs, Teckla S. Jacobs, B. W. Marks, and Otillie Schaus appeared separately and answering said

complaint denied any indebtedness under the first two counts thereof, but as to the third count or cause of action admitted making the said written agreement and the payments made by the plaintiff thereunder, and also admitted the fact of the lack of recordation of the map of the tract wherein the lots referred to in said writing were located. The defendants, however, denied any indebtedness to the plaintiff under the averments of the third count of her cause of action, basing their denial upon the averment in their answer that the plaintiff prior to and at the time of entering into said agreement knew that the map of the tract wherein said lots were situated had not been recorded. Upon the coming in of said answer the plaintiff moved the trial court for judgment upon the pleadings as against the defendants above named, which motion was granted by the trial court. As to the other defendants in the action the cause proceeded to trial with what result is not material to this appeal. The sole question which the above-named defendants present upon this appeal relates to the right of the plaintiff to a judgment on the pleadings in view of the foregoing denials and admissions in their answer. ■ It is an obvious and conceded fact that the three counts in the plaintiff's complaint relate to the same transaction. Denials which said defendants presented to the first two counts of the complaint must be held, therefore, to have reference to the existence of an indebtedness arising out of the detailed transaction set forth in the third count of the complaint, and, hence, to have no other or greater effect than the said defendants' denials of any indebtedness arising out of the transactions therein detailed. This being so, and the sole defense of the said defendants to the third count or cause of action being the defense that the plaintiff knew at the time of entering into the agreement therein set forth that the map therein referred to was an unrecorded map, it follows that if the defendants' averments in that regard constituted no defense, the trial court acted correctly in granting the motion of the plaintiff for a judgment against said defendants on the pleadings. ■ In the case of *Smith* v. *Bach,* 183 Cal. 259 [191 Pac. 14], it was held by this court that the sale or offer for sale of lots of land by reference to an unrecorded map or plat

was expressly prohibited by the terms of the aforesaid statute and that contracts for such sales based thereon were illegal·and void. In a later decision of the same case by the district court of appeal (*Smith* v. *Bach,* 54 Cal. App. 236 [201 Pac. 611]), it was held that the fact that the plaintiff, who was seeking to recover the money paid on account of such illegal and void transaction, knew that the map referred to therein was unrecorded constituted no defense to her right of recovery. We have no doubt as to the correctness of the foregoing decision by the appellate tribunal and expressly approve the same, and, in so doing, hold not only that the trial court in the instant case acted correctly in granting the plaintiff's motion for a judgment on the pleadings and in entering such judgment, but that this appeal is frivolous and without merit and was taken for purposes of delay.

A penalty of $100 is hereby imposed upon the appellants herein for having taken and prosecuted a frivolous appeal.

The judgment is affirmed.

Shenk, J., and Tyler, J., *pro tem.,* concurred.