## SOUTHERN SURETY CO. v. SHELDON et al. *

Circuit Court of Appeals, Ninth Circuit.
June 17, 1929.

No. 5737.

W. C. Mathes and Kenneth Keeper, both of Los Angeles, Cal. (James C. Sheppard, of Los Angeles, Cal., of counsel), for appellant.

Ben S. Hunter and James Farraher, both of Los Angeles, Cal. (Joseph L. Lewinson and F. Walton Brown, both of Los Angeles, Cal., of counsel), for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. This is an action to recover on a bond given by the appellant in connection with a transaction for the sale of land, the execution of deeds of trust to secure the purchase money, and an agreement by the vendee to erect certain

*Rehearing denied August 12, 1929.

290

buildings upon the premises. It is conceded upon this appeal that the appellant's bond is one of indemnity and not guaranty against any loss suffered by the vendor by reason of the failure of the vendee to construct the buildings. This loss, it is agreed, will be suffered if and when upon foreclosure or sale a deficiency results in favor of the vendor and against the vendee.

The trial court determined that the action was prematurely brought, for the reason that the loss indemnified against had not yet occurred because there had been as yet no foreclosure or sale under the trust deeds, and entered a judgment dismissing the case without prejudice. We concur in the conclusion that the cause of action on such a bond accrues after a deficiency occurs on sale or foreclosure. Fernandez v. Tormey, 121 Cal. 515, 53 P. 1119; Ohio Electric Car Co. v. Le Sage, 182 Cal. 450, 188 P. 982; 14 R. C. L. 63.

The appeal is taken from this judgment by the appellant upon the ground that the judgment rendered should have been a judgment in favor of the appellee for nominal damages. In support of this contention the appellant argues that its liability accrued at the time of the breach of the agreement to complete the houses, although it also contends that no loss can be shown until after foreclosure or sale and deficiency thereon. On the argument appellant did not claim that it is entitled to a judgment barring the appellee from another action upon the bond if and when a deficiency occurs on foreclosure or sale under deeds of trust. The trial court rendered a proper judgment in view of its decision that the action was prematurely brought. Nevills v. Shortridge, 146 Cal. 277, 278, 79 P. 972; Scheeline v. Moshier, 172 Cal. 565, 570, 158 P. 222; American Bonding & Trust Co. v. Gibson County (C. C. A.) 145 F. 871, 874, 7 Ann. Cas. 522, and cases cited.

Judgment affirmed.