[L. A. No. 9845. In Bank.—April 29, 1930.]

LEVI COHN et al., Respondents, v. E. A. KLEIN et al., Appellants.

Emmons, Aldrich & Mack, Aldrich & Mack, Bruns & Mooney and W. W. Kaye for Appellants.

F. E. Borton, James Petrini and Borton & Petrini for Respondents.

PRESTON, J.—The sole question for consideration upon this appeal is the validity on its face of an instrument in writing in words and figures following, to wit:

"This agreement, made this 2nd day of August, 1923, by and between Charles Cohn, of Bakersfield, Kern County, California, party of the first part, and E. A. Klein, of the same place, party of the second part, witnesseth: Whereas, the party of the first part has become cognizant of the many charities and good works of Ethel Klein, wife of the party

of the second part, and also work done by the party of the second part for many. persons without charge therefor, and realizing that it is only a question of a few short years at most that he will have to depart from this life, and knowing that any property turned over to either the party of the second part or his wife would be used not exclusively for their benefit, but for the benefit of humanity also, and it being his desire to do something substantial for them and for charity so that they or either of them shall have extra means to do good works, I hereby grant, transfer and convey to said Ethel Klein absolutely and forever as her sole and separate property, free and clear of any and all claims and encumbrances of any kind whatsoever the properties now belonging to me and known as the Midland and Vernon Hotels, on 19th street, in the city of Bakersfield, Kern County, California, or in case same is disposed of by me before my death then the valuation of such properties in place of same, such valuation to be taken as of the time of my death and to be replaced by other property belonging to me at the time of my death of the same valuation, free and clear also, or cash in lieu thereof at the option of the said Ethel Klein (To take effect only at my death). I am not taking anything away from those who might be considered as objects of my bounty, for the reason that some of them do not care for me but only for my property.

"The party of the second part hereby agrees that he will see to it that the ideas of the party of the first part are carried out.

"Dated as aforesaid.

"C. COHN.

"E. A. KLEIN."

(Certificate of notary public attached.)

(Endorsements) : "Interlineation bet. line 21 and 22 inserted before signature at suggestion of Cohn as his idea is to give it only when he is dead. E. A. K. Aug. 2/23." (Recorded June 25, 1926, Bk. 124, p. 53, Official Records of Kern County.)

To be more specific, the question presented is: Does this instrument show a vesting of a present estate to be enjoyed in the future or does it show simply an abortive testamentary act?

Plaintiffs, as special administrators of the estate of Charles Cohn, deceased, clothed with the proper authority by order of court, instituted this proceeding on August 10, 1926, against the defendants, to have the above instrument signed by the decedent declared void and canceled and removed as a cloud upon the title to the real property therein referred to, to enjoin and restrain defendants from interfering with the possession of said premises by plaintiffs and for general relief.

The complaint contained the following further allegations: "That the said Ethel Klein and the said E. A. Klein have not, nor has either of them, any other, further or different claim upon or against the said properties, or any part thereof, than such as arises by and through the said instrument so recorded as aforesaid."

Defendants filed an answer and amended answer, which contain a general denial of ownership in plaintiffs' intestate of the property involved but fail wholly to deny the above quoted allegations of the complaint as to the sole source of their claim. On the contrary, defendants themselves set up said written instrument as a special defense to said action, claiming the said instrument on its face to be a conveyance of the property to the defendant Ethel Klein, in all respects valid.

Motions were made by both parties for judgment upon the pleadings. The motion of defendants was denied and that of plaintiffs granted, followed by a judgment in their favor upon the pleadings, from which defendants have prosecuted this appeal.

A word should here be said respecting the propriety of a motion by plaintiffs for judgment on the pleadings. This is called for by reason of the general rule that in an action to quiet title a plaintiff must prevail upon the strength of his own title and not upon the weakness of the title of his adversary. (*Patchett* v. *Webber*, 198 Cal. 440, 451 [245 Pac. 422], and other cases.) In view of the general allegations of ownership by plaintiffs and the general denial thereof by defendants, it may be said that a motion by plaintiffs for judgment on the pleadings is improper as such a motion is in the nature of a demurrer to the answer and where the answer raises a material issue, no such motion can be allowed to prevail. (*Cass* v.

*Rochester,* 174 Cal. 358 [163 Pac. 212]; *Neale* v. *Morrow,* 174 Cal. 49 [161 Pac. 1165].) ■ But if it be assumed that we have an action to quiet title before us, the above rules are without application for both plaintiffs and defendants rely for title upon the same grantor. The necessity for proof by plaintiffs deraigning title is therefore unnecessary. (*Thiele* v. *Security T. etc. Co.,* 202 Cal. 758 [262 Pac. 308].) ■ Moreover, defendants, by failing to deny the allegations of plaintiffs' complaint, setting up said instrument as the sole source of their claims, thereby reduced the said general denial of ownership to nothing more than a conclusion of law that the instrument in question on its face vests title to the property involved in them. A kindred principle to this holding is announced in *Morel* v. *Morel,* 203 Cal. 417 [264 Pac. 760].

■ We thus pass to a consideration of the validity on its face of said instrument. The situation of one set of parties claiming an instrument to.be a deed and another claiming it to be a valid testamentary act presents nothing new as the decisions of all our courts are replete with cases of this character. Indeed, the rule to be applied in such case is not in dispute for it is everywhere agreed upon but its application under varying states of fact causes the contrariety of legal pronouncements found. The rule, as set forth in *Nichols* v. *Emery,* 109 Cal. 323, 329, 330 [50 Am. St. Rep. 43, 41 Pac. 1089, 1091], is as follows: ''The essential characteristic of an instrument testamentary in its nature is, that it operates only upon and by reason of the death of the maker. Up to that time it was ambulatory. By its execution the maker has parted with no rights and divested himself of no modicum of his estate, and *per contra* no rights have accrued to and no estate has vested in any other person. The death of the maker establishes for the first time the character of the instrument. It at once ceases to be ambulatory, it acquires a fixed status and operates as a conveyance of title. Its admission to probate is merely a judicial declaration of that status.

''Upon the other hand, to the creation of a valid express trust it is essential that some estate or interest should be conveyed to the trustee, and, when the instrument creating the trust is other than a will, that estate or interest must pass immediately. (Perry on Trusts, sec. 92.) By such a trust,

therefore, something of the settler's estate has passed from him and into the trustee for the benefit of the *cestui,* and this transfer of interest is a present one and in nowise dependent upon the settler's death. But it is important to note the distinction between the interest transferred and the enjoyment of that interest. The employment of the *cestui* may be made to commence in the future and to depend for its commencement upon the termination of an existing life or lives or of an intermediate estate.''

The above doctrine made applicable to a conveyance in trust is, of course, equally applicable to a conveyance of any other estate in property, which was the case in *Tennant* v. *John Tennant Memorial Home,* 167 Cal. 570, 577 [140 Pac. 242], where we find the above-mentioned rule specially approved.

A survey of the instrument in question shows that it partakes of the nature of a covenant, also of a conveyance and also of a testament. The question in its last analysis is, what was the intent of the decedent in executing it? Did he intend thereby to convey an interest *in praesenti* in said real property? It is true that he used appropriate words of grant followed by language commonly found in what is known as a warranty deed, It is also true that no consideration is required to support such a document, if otherwise valid and delivered. But following the granting clause, we find that decedent reserved the right to dispose of said property prior to his death and that in such case the property so conveyed was to be valued as of the date of his death and other property clear of all encumbrances owned by him at such time was likewise to be valued and used to replace said property conveyed or, at the option of said defendant Ethel Klein, cash might be received in lieu of the full value at the time of death of such property. So much of the instrument as is last referred to contains language not inappropriate as part of a conveyance under the doctrine of the Tennant case, *supra,* but such language is equally, if not more, appropriate as a testamentary act. But we find that decedent, prior to the execution of said instrument, caused to be inserted therein, the following words: ''to take effect only at my death.'' The document was then indorsed by the party of the second part in these words, ''Interlineation

. . . inserted before signature at suggestion of Cohn as his idea is to give it only when he is dead.''

This language shows unmistakably in our opinion that it was the intent of the decedent that no present estate should be transferred and that said instrument should take effect only at the time of his death and should convey no estate prior thereto. We think to the point is the case of *Niccolls* v. *Niccolls,* 168 Cal. 444 [143 Pac. 712, 713], where a conveyance in trust was under review which contained the following language: ''That the said Trustors by these presents, to take effect only upon the death of said Robert Niccolls, one of said Trustors, sell, assign, transfer, and confirm unto the said Trustees, in joint tenancy, and to the survivor of them and their successors and assigns, all our property of every kind and nature, both real and personal, that we may have and own at the time of the death of the said Robert Niccolls, one of said Trustors, to have and to hold the same. . . . '' In said case it was held that no present interest in the property of the trustors was thereby conveyed.

We realize, as above intimated, that almost innumerable cases may be found in other jurisdictions, some to one effect and some to the opposite, upon the question here involved, and it is therefore useless to undertake to discuss authorities upon it, but we have found the recent case of *Nobell* v. *Town of Beaver,* 133 Okl. 247 [271 Pac. 420], where an instrument in the form of a deed was executed which just prior to the *habendum* clause contained the following recital: ''The conditions of this instrument are such that it is to be void and without effect until on and after the death of the said John R. Thomas, when it shall then come into full force and effect.'' The above language, to our mind, carries little if any different meaning from that inserted in the instrument before us, ''to take effect only at my death.'' The Oklahoma court summed up the situation as follows: ''There is no dispute between the parties as to the law. The dispute arises only in its application to the facts. The adjudicated cases furnish little, if any, assistance in construing the instrument in question. Numerous cases may be found from practically every state in the Union in which the courts have been called upon to construe language used in instruments of this character, and in many of the cases practically the same

language has been differently construed by different courts. We have examined many cases in which the question here involved is discussed but, in our opinion, it would serve no useful purpose to enter into an extended discussion thereof. The only conclusion to be reached from the mass of decided cases is that each case must be governed and decided according to the particular facts of the individual case.''

In concluding that the instrument did not convey any present estate, the court said: ''Applying, then, the above rules, does the instrument in question convey a present interest in the land? We think not. The instrument is executed on the express condition that the same should be void and of no effect until after the death of the grantor. If the deed be void until after the grantor's death, certainly no interest in the land can pass until such death. This being true, the instrument cannot be said to be a deed, but is an instrument attempting to make a testamentary disposition of the land, and void because not executed and attested in accordance with the law relating to wills.''

It is only fair to counsel to say also that we have found a second case by the Supreme Court of Georgia, *Montgomery* v. *Reeves*, 167 Ga. 623 [146 S. E. 311], where similar language appears to have been given an opposite construction from that quoted above. But in viewing the instrument before us as a whole, we are satisfied that the decedent never intended thereby to convey unto the defendant Ethel Klein any present estate whatsoever in said property and that it was his intention that the instrument take effect only as a testamentary act. Having in that regard failed to comply with the requirements of the statute as to execution, it follows that the document as a testament is inoperative.

The action of the court below in declaring the instrument invalid and ordering the same canceled was, therefore, proper, and the judgment is hereby affirmed.

Richards, J., Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.