[Civ. No. 1878. Fourth Appellate District.—February 1, 1938.]

E. W. McNEW, Respondent, v. W. T. MULCAHY, Appellant.

Hazlett & Plummer and Robert J. Sullivan for Appellant.

Siemon & Claflin for Respondent.

BARNARD, P. J.—This is an appeal from a judgment on the pleadings in an action for rent. The complaint alleges that the plaintiff was the owner of a described forty acres of land in Kern County which he had leased to the defend-

ant; that under a written lease between the parties the defendant had agreed to pay to the plaintiff $50 per acre in advance as and for rental for this land for the third year of the term thereof, which year commenced September 24, 1936; that the lease provided for the rental to be paid at Bakersfield; that the plaintiff had demanded payment; and that the defendant had failed and refused to pay. The answer admits that the defendant had leased the property under a written oil lease whereby he had agreed to pay the plaintiff $50 per acre in advance as and for rental for said land for the third year of the term, which year began September 24, 1936, "but in connection with such admission" further alleges that said lease by its terms provides "among other things the following:" Here the answer sets forth a copy of a clause of the lease which provides that in the event of a violation of any of the terms of the lease the lessor may, at his option, give ninety days' written notice to the lessee whereupon the lease shall terminate except as to any wells then producing or being drilled, unless the lessee begins to remedy the matter in default within ninety days after such written notice, providing the lessee is not in default with respect to the existing wells or those being drilled, and further providing that at any time after such a default the lessee may upon payment of $10 to the lessor as and for liquidated damages quitclaim to the lessor any portion of the land with respect to which he is then in default, whereupon the rights of the parties shall terminate as to the premises quitclaimed. The answer then admits that the lease required said rental to be paid at Bakersfield but denies that demand has been made and that the defendant has failed, refused and neglected to pay the same. The plaintiff on February 12, 1937, filed a memorandum of motion to set the cause for trial and on the same day filed a notice of motion for judgment on the pleadings on the ground that the answer filed by the defendant did not state a valid defense. When the matter came on for hearing the motion for judgment was granted and a judgment entered, from which this appeal was taken.

It is first contended by the appellant that his answer raised an issue of fact which required a denial of the motion since he denied that he had failed or refused to make the payment of rental called for by the lease. It is also argued that he was under no obligation to pay said rental because

of the clause of the lease referred to in his answer. These two points will be considered together.

While the answer denied that the defendant had failed and refused to pay the rental called for by the lease it was not alleged, and it is not here claimed, that payment had in fact been made and it is fully apparent from the answer as a whole that the appellant relied upon the defense that he was under no obligation to pay the rental for the third year of the lease because of the provision of the lease set up in the answer. Under these circumstances the purport and meaning of the answer is to be taken from the specific defense attempted to be alleged therein and the denial of the allegation in the complaint that payment had not been made cannot here be considered as sufficient to prevent the entry of a judgment on the pleadings. (*Scheeline* v. *Moshier*, 172 Cal. 565 [158 Pac. 222]; *Morel* v. *Morel*, 203 Cal. 417 [264 Pac. 760]; *White* v. *Jacobs*, 204 Cal. 334 [267 Pac. 1087].) ■ Nor was the clause of the contract which was set up in the answer sufficient to raise an issue of fact or to establish a defense to the cause of action set forth in the complaint. The answer merely set forth a copy of that clause of the lease with the further allegation that the plaintiff had never served upon the defendant the 90-day notice referred to therein. This clause of the lease merely gave to the respondent an option to terminate the lease upon certain conditions. There is nothing in the pleadings or in the record to indicate that this option was exercised and nothing in the lease compelled the respondent to proceed in that manner. The rental had accrued and if it be assumed that the appellant had a right to avoid the payment of past-due rent by quitclaiming the premises it is not alleged in the answer that he had quitclaimed them or made any payment in connection therewith. So far as the pleadings show the lease was still in full force and effect, the appellant was still in possession of the property, nothing had been done by either party to terminate the lease, the rental was due and the appellant had agreed to pay the same at Bakersfield. The answer failed to set up a defense to the cause of action set forth in the complaint and the judgment on the pleadings was properly entered.

■ The only other point raised is that the respondent waived his right to a judgment on the pleadings by filing

a memorandum of motion to set the cause for trial. No authorities from this state are cited in support of this contention. We are cited to no rule and we know of none which requires such a motion to be made before the cause is set for trial or before any steps in that direction have been taken. On the other hand, in the case of *Morel* v. *Morel, supra,* a judgment on the pleadings was affirmed where the motion therefor was not made until the day the cause came on for trial.

The judgment is affirmed.

Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1938.