[Civ. No. 3683.   Fourth Dist.   June 22, 1948.]

GEORGE NOLLER et al., Respondents, v. HELEN MAIL-
LOUX et al., Defendants; ROY PORT, Appellant.

J. Dean La Motte for Appellant.

Hillyer & Hillyer for Respondents.

BARNARD, P. J.—This is an appeal from a judgment on
the pleadings entered in favor of the plaintiffs.   The sole
question presented is whether a material issue was raised by
the answer of the defendant Port.

The action is one to foreclose a contract of sale and quiet
title.   The complaint, filed on December 2, 1946, alleged that
the plaintiffs were the owners of the property in question;
that on April 15 1945, they entered into an agreement with

defendants Mailloux and Cross, under which these defendants agreed to purchase the property for $7,000 and to pay for the same in monthly payments of $200, with the provision that in the event of a default in the making of any monthly payment the contract should be terminated and the sellers released from all obligations to convey; that these defendants are in default and there is due the sum of $5,311.95 with certain interest; that the defendant Port has or claims to have some right or interest in the property; and that any such claim is subordinate to the rights of the plaintiffs.

All of the defendants, with the exception of Port, failed to answer or appear and their defaults were entered. In his answer the defendant Port admitted, by failing to deny, all allegations of the complaint except that he denied that his claim is subordinate to that of the plaintiffs. As an affirmative defense he then alleged that on July 4, 1945, he had entered into an agreement with the defendant Mailloux and her husband under which he agreed to buy from them the property in question for the sum of $8,000, payable in monthly installments; that pursuant to this agreement he had paid to one Royer, as agent of the Maillouxs and of the plaintiffs about $1,800 which Royer had accepted as such agent; that on April 9, 1946, he had rescinded this agreement and offered to return all he had received on condition that all moneys paid would be returned to him; and that Royer, as such agent, has failed and refused to return said moneys.

The appellant relies on the usual rule that a judgment on the pleadings is improper where a material issue is raised by the answer to the complaint. It is equally well settled, however, that such a judgment is proper where any denial in the answer amounts to nothing more than a conclusion of law, and where any new matter set up as a defense is insufficient for that purpose. (*Cohn* v. *Klein*, 209 Cal. 421 [287 P. 459]; *Benham* v. *Connor*, 113 Cal. 168 [45 P. 258]; *Scheeline* v. *Moshier*, 172 Cal. 565 [158 P. 222].)

In his answer the appellant admitted all allegations of the complaint except the one that his claim was subordinate to that of the respondents. This denial raised no issue of fact and related entirely to a conclusion on the question of law presented.

The affirmative defense alleged a contract between the appellant and two of the three purchasers to whom the respond-

ents had originally sold the property. It made no attempt to allege any connection between the respondents and the appellant other than the statement that $1,800 had been paid to a third party, Royer, as agent both of the Maillouxs and of the respondents. This again is merely a conclusion and no facts are alleged upon which the fact of such agency could be based. Moreover, were it to be assumed that such an agency existed and that the respondents received the $1,800, there is nothing to indicate that the appellant then had any rights as against the respondents. Even if the $1,800 was in some way to be applied on the respondents' contract with Mailloux and Cross, it appears that the monthly payments thereon coming due before the action was filed amounted to $3,800, leaving a deficiency of about $2,000, apart from the accelerated payments due. It is in no way suggested that any possible rescission of the other contract involved the respondents in any way, or affected their rights under the original contract.

According to the pleadings the dealings of the appellant were with parties other than the respondents, no material issue or defense as against the respondents was raised by the answer filed, and a judgment on the pleadings was properly entered. (*Morel* v. *Morel*, 203 Cal. 417 [264 P. 760] ; *White* v. *Jacobs*, 204 Cal. 334 [267 P. 1087] ; *McNew* v. *Mulcahy*, 24 Cal.App.2d 656 [76 P.2d 143] ; *Minor* v. *Carpenter*, 28 Cal. App. 368 [152 P. 737].)

The judgment is affirmed.

Griffin, J., and Mussell, J. pro tem., concurred.