[Civ. No. 19455.   First Dist., Div. Two.   Aug. 21, 1961.]

ANN M. SHABRICK, Appellant, v. FLORENCE GEN-
IEVE MOORE, as Executrix, etc., Respondent.

Belli, Ashe and Gerry for Appellant.

Donahue, Richards & Gallagher, Joseph T. Richards and Thomas Schneider for Respondent.

SHOEMAKER, J.—This is an appeal by plaintiff Ann M. Shabrick from a judgment for defendant Florence Genieve Moore, as executrix of the estate of E. H. Moore, entered upon the granting of her motion for judgment on the pleadings.

Plaintiff's complaint, set up in two counts, alleged in the first an express oral contract whereby plaintiff agreed to act as nurse and housekeeper for E. H. Moore in return for a promise to make her a beneficiary under his will; in the second, a quasi contract for the reasonable value of services rendered by plaintiff to E. H. Moore.

Defendant demurred generally to the complaint and further alleged that the second count was uncertain for failure to specifically state what services had been rendered by the plaintiff and when or where these services had been performed. The demurrer was overruled. Defendant filed her answer, denying substantially all of the allegations of the complaint and affirmatively alleging that plaintiff's first cause of action on the oral contract was barred by the statute of frauds, and that the second count was likewise subject to said statute, since it was based on the same oral contract despite being phrased in terms of *quantum meruit*. Defendant also alleged that plaintiff had never filed a sufficient creditor's claim, a copy of which was incorporated in her pleadings, and that both counts were therefore barred by Probate Code, section 716.

Four days prior to the date set for trial, defendant moved for judgment on the pleadings on the ground that the complaint failed to state a cause of action, and specifically urged the matters we have just recounted. The trial court granted the motion and judgment for defendant was entered.

Appellant first urges that respondent was not entitled to move for judgment on the pleadings once her general demurrer had been overruled. The law on this point is adverse to appellant. Recent cases have held that a defendant whose general demurrer has been previously overruled may properly renew this objection by way of a motion for judgment on the pleadings. (See 2 Witkin, California Procedure, Proceedings Without Trial, § 74, p. 1710.) If the trial judge made the former ruling himself, he is not bound by it (*Davis* v. *City of Santa Ana* (1952), 108 Cal.App.2d 669, 684 [239 P.2d 656]), and if the demurrer was overruled by a different judge, as in the case at bar, the trial judge is equally free to reexamine the sufficiency of the pleading. (*Wrightson* v. *Dougherty* (1936), 5 Cal.2d 257, 265 [54 P.2d 13]; *Timm* v. *McCartney* (1935), 9 Cal.App.2d 230 [49 P.2d 315]; *Ser-Bye Corp.* v. *C. P. & G.*

*Markets, Inc.* (1947), 78 Cal.App.2d 915, 918 [179 P.2d 342].)

■ Furthermore, there appears to be no restriction as to the time when a motion for judgment on the pleadings must be made, other than that it be made some time after the pleading is filed, and before final judgment is rendered. (See *Mc-New* v. *Mulcahy* (1938), 24 Cal.App.2d 656, 658 [76 P.2d 143]; *Morel* v. *Morel* (1928), 203 Cal. 417 [264 P. 760]; 2 Witkin, *supra,* § 71, p. 1706.)

■ Appellant next contends that a motion for judgment on the pleadings, even if the proper procedure, is in effect a general demurrer and as such must be confined to the face of the complaint without reference to extrinsic matters such as attached exhibits. Appellant therefore urges that the judgment, to the extent that it was based on a finding that appellant had failed to file an adequate creditor's claim prior to bringing suit, cannot be upheld. Appellant points out that the complaint alleges that a claim was duly filed, and therefore contends that this statement must be deemed to be true for the purpose of a motion for judgment on the pleadings.

Respondent, on the other hand, contends that there is an exception to the general rule requiring that a motion for judgment on the pleadings be confined to the face of the complaint where documents are attached to the answer as exhibits and the authenticity and due execution thereof are not denied. She relies on *DeGonia* v. *Building Material etc. Union* (1957), 155 Cal.App.2d 573 [318 P.2d 486]; *Macbeth* v. *West Coast Packing Corp.* (1947), 83 Cal.App.2d 96 [187 P.2d 815]; and *Borneman* v. *Salinas Title Guar. Co.* (1944), 66 Cal.App.2d 500 [152 P.2d 649], which fully support the contention. The following quotation from the *DeGonia* case covers the matter completely:

"... While it is true that a motion for judgment on the pleadings tests the sufficiency of the complaint, we are here confronted with a situation wherein the authenticity and due execution of the written document set forth in the answer was not denied by an opposing affidavit (Code Civ. Proc., § 448). The contents thereof are therefor [*sic*] admitted. Failure to file such an affidavit has been held an admission for the purpose of a motion for a summary judgment (*Zepeda* v. *International Hodcarriers, etc. Union,* 143 Cal.App.2d 609), wherein it was stated, at page 612 [300 P.2d 251], 'There was no denial of the claimed affirmative defenses set forth in the verified answer which set up the written documents. Accordingly, the genuineness and due execution of such instruments are deemed

admitted. (Code Civ. Proc., § 448.)' We perceive no reason why the same rule should not apply to motions for judgment on the pleadings (Witkin, California Procedure, p. 1704)." (P. 577.)

The appellant was entitled, if so advised, to file an affidavit denying the due execution and authenticity of the creditor's claim pursuant to Code of Civil Procedure, section 448, yet she did not do so. Therefore, the foregoing decisions control, and the trial court properly considered the claim in ruling on respondent's motion.

The remaining question to be determined is whether the trial court erred in granting judgment on the pleadings under the particular circumstances of this case. As we have stated, a motion for judgment on the pleadings is in effect a general demurrer and "it is only where there is an entire absence of some essential allegation that a motion for judgment on the pleadings may be properly granted." (*Rannard* v. *Lockheed Aircraft Corp.* (1945), 26 Cal.2d 149, 151 [157 P.2d 1].) Even where such a motion may properly be granted, an opportunity to amend is generally allowed, as is the practice with a general demurrer. The need for allowing an opportunity to amend is particularly apparent where, as in the instant case, the complaint has already been upheld against a general demurrer. As said by Witkin:

". . . It would seem even more true that, after a complaint or answer has been held sufficient by a law and motion judge, if the trial judge decides otherwise on a motion for judgment on the pleadings, an opportunity to amend should be allowed. . . ." (2 Witkin, California Procedure, Proceedings Without Trial, § 74, p. 1711.)

We are of the opinion, however, that certain of the defects urged by respondent are not such that they would be curable by amendment. Respondent's objection to the first count set forth in the complaint was that it was barred by the statute of frauds, since appellant had alleged an oral contract to make her a beneficiary under the decedent's will. Oral contracts of this nature are unenforceable under California law. (Civ. Code, § 1624, subd. 6; Code Civ. Proc., § 1973, subd. 6; *Murdock* v. *Swanson* (1948), 85 Cal.App.2d 380, 383 [193 P.2d 81]; *O'Brien* v. *O'Brien* (1925), 197 Cal. 577 [241 P. 861].) Although there are certain situations in which the courts will hold a defendant estopped to plead the statute of frauds, our case is clearly not of this variety. (See *Ward* v. *Wrixon* (1959), 168 Cal.App.2d 642 [336 P.2d 640].) The

trial court did not err in granting judgment on the pleadings as to the first cause of action.

■■■ As to the second cause of action, it is respondent's position that recovery in *quantum meruit* cannot be had unless the plaintiff shall first have submitted to the executrix a legally sufficient creditor's claim requesting payment for the reasonable value of the services allegedly rendered. Probate Code, section 716, provides:

"No holder of a claim against an estate shall maintain an action thereon, unless the claim is first filed with the clerk or presented to the executor or administrator, [except under circumstances not here relevant] . . ."

■■■ The object of this section is to require the presentation of claims against estates in order to save to the estates of decedents the expense of useless suits to recover what would have been allowed without suit had the claim been duly presented. (*Preston* v. *Knapp* (1890), 85 Cal. 559, 561 [24 P. 811]; *Radar* v. *Rogers* (1957), 49 Cal.2d 243, 248 [317 P.2d 17].) Respondent contends that appellant's claim was based solely on the oral contract under which the decedent allegedly promised to make her a beneficiary under his will, and since the claim made no mention whatever of services actually rendered the decedent, that it will not support an action in *quantum meruit,* as a claimant may recover only when the cause of action specifically follows the claim.

In *Lundberg* v. *Katz* (1941), 44 Cal.App.2d 38 [111 P.2d 917], the facts before the court were very similar to those in the case at bar. Plaintiff brought suit against the administrator seeking to recover the reasonable value of her services as housekeeper and nurse to the decedent. Plaintiff's creditor's claim had been drawn on the theory that she was entitled to recover all of decedent's property by virtue of an oral agreement to make her a beneficiary under the decedent's will. The question before the court was whether a claim of this nature would support a recovery in *quantum meruit.* The court pointed out that recent decisions had modified the strict rule laid down by earlier cases that recovery was limited to the precise cause of action set forth in the claim. ■■■ The court then stated:

"The claim in this case noted the date of the agreement, the nature of the services performed and the estimated value of the property asked in payment therefor. In *Syler* v. *Katzer,* 12 Cal.2d 348, 350 [84 P.2d 137, 119 A.L.R. 422], the court said: 'The contention is then, that the claim was insufficient

in form, . . . it may be said that there is no necessity that a creditor's claim be drafted with precision and completeness of a pleading. The only requirement is that it state such facts as will apprise the executor or administrator of the amount of the demand. (See *Standiford* v. *Cantrell*, 87 Cal.App. 736 [262 P. 800] ; *United States Gypsum Co.* v. *Shaffer*, 7 Cal.2d 454 [60 P.2d 998].) The claim in the instant case clearly called to the attention of the executor the fact of the services, the period during which they were rendered (up to the time of death), and the amount demanded. If any uncertainty remained, it was incumbent upon the executor to call for clarification (*Standiford* v. *Cantrell, supra*). . . .' " (P. 44.)

The court went on to state that there was nothing to indicate that had the administrator been informed that the claim was for the reasonable value of services, he would have allowed or compromised it. The court then noted that the defendant had filed no demurrer to the complaint, but pointed out that had he done so, the sustaining of such a demurrer without leave to amend would have constituted error. The court then stated:

". . . Under proper circumstances, a claim filed within the statutory time may be amended after the expiration of the statutory period. (*United States Gypsum Co.* v. *Shaffer, supra*.) It would have been proper to permit plaintiff to petition the probate court to file an amended claim before final action on a demurrer. . . ." (P. 45.)

The creditor's claim in question was subject to the same defect as was the claim in the *Lundberg* case, since it was also based on the oral agreement rather than the reasonable value of the services rendered by appellant. Appellant's claim, however, does set forth the date of the oral agreement as June 1946, and that the decedent's promise was made in return for appellant's promise "to act as nurse and housekeeper" for the decedent. The claim then recites that in May of 1954, the decedent reaffirmed the aforementioned contract, and appellant "agreed to continue to serve" the decedent as nurse and housekeeper. Respondent is correct in contending that the claim nowhere specifically alleges that appellant "did serve" the decedent or that payment is sought for the value of these services. Certainly appellant's claim is far from a model of clarity. However, the claim did apprise respondent of the amount of the demand. It may also be inferred from appellant's promise "to continue to serve" the decedent that appellant did actually perform services as a nurse and house-

keeper, at least from 1946 until 1954. As pointed out in the *Lundberg* case, *supra,* respondent executrix was certainly entitled to call for clarification of any of the details of appellant's claim, yet respondent apparently chose not to do so.

Further, respondent contends that a cause of action in *quantum meruit* is not properly pleaded as it is based on the same invalid oral agreement alleged in the first count. Respondent refers to the fact that the amounts prayed for in both counts are identical, the fully estimated value of the estate, some $140,000. Upon this she argues that the identity of the two amounts, plus the fact that the amount claimed bears no reasonable relationship to the value of services allegedly rendered, clearly shows that appellant is merely restating the cause of action set forth in her first count, which is barred by the statute of frauds. There is authority for respondent's position that the mere restating of the amount of the promised bequest as the reasonable value of services rendered does not constitute a valid attempt to plead a cause of action in *quantum meruit.* (See *Murdock* v. *Swanson, supra;* and *Parker* v. *Solomon* (1959), 171 Cal.App.2d 125 [340 P.2d 353].) However, both of these cases are distinguishable from the instant case. In the *Murdock* case, the court upheld the sustaining of a demurrer to the plaintiff's complaint, but pointed out that leave to amend had been granted and that the plaintiff, ''having refused to amend, is now in no position to rely upon general equitable principles.'' (P. 388.) In the *Parker* case, the court affirmed a judgment for defendants after the sustaining without leave to amend of a demurrer to plaintiff's fourth amended complaint. The court pointed out, however, that the complaint clearly showed that plaintiff had never actually performed any services for the decedent but was seeking to recover for refraining from intruding into the decedent's life. Under these circumstances, plaintiff's action was based solely on the oral agreement and *quantum meruit* for services rendered was not an appropriate remedy. Assuming, as we deem proper to infer under the pleadings, that services were actually rendered by appellant, an opportunity to amend should have been allowed. Particularly is this true, as noted above, where appellant's complaint had already been upheld against a general demurrer earlier in the proceedings.

Judgment as to the first cause of action affirmed.

Judgment as to the second cause of action reversed.

Each party to bear own costs.

Kaufman, P. J., and Draper, J., concurred.