Opinion
ROBERSON, P. J.
Appellant challenges the judgment rendered on the pleadings in this unlawful detainer action. His rather lengthy enumeration of contentions may be summarized as follows: The court abused its discretion in granting a judgment on the pleadings and by awarding unreasonable attorney fees. In the published portion of this opinion, we review the correctness of the court’s judgment on the pleadings.
I
Between May 1987 and January 1989, appellant and respondents became the successors in interest to a commercial lease, executed in November 1985, for a snack and gift shop on Wilshire Boulevard in Los Angeles. Appellant became the owner and lessor and respondents, the tenants and lessees. The rent was set at the higher of $2,014.05 per month or 10 percent of respondents’ gross income from the shop.
In late January 1989, appellant increased the rent. One addendum to the lease increased the rent by the same percentage as the increase in the Consumer Price Index (hereafter CPI). Another addendum contained a rent schedule through November 1990 and provided for appellant’s right to examine respondents’ financial books to verify their gross income.
When business took a turn for the worse, the parties executed another addendum which reduced the monthly rent. Respondents timely exercised their option to extend the life of the lease until November 1995. Respondents continued to pay rent until late 1990, when appellant notified them he would increase the rent effective December 1. On January 30, 1991, appellant served respondents with a notice again increasing the rent.
Respondents refused to pay either rent increase. Instead, they continued to pay $1,973.63 per month plus a 6.1 percent increase based upon the increase in the CPI. In August 1991, appellant served respondents with a notice to pay rent or quit the premises. When respondents refused, appellant filed a complaint in unlawful detainer.
*Supp. 36 The court found the lease, including the addenda, was unambiguous and provided for a fixed monthly rent during its term with an annual increase based upon the increase in the CPI. The court found appellant had demanded in its notice more rent than respondents owed. The court concluded the notice was void.
On the court’s motion it rendered judgment on the pleadings for respondents. It awarded them reasonable attorney fees of $9,000, pursuant to Civil Code section 1717, and costs.
Appellant filed a timely notice of appeal.
II
California has no specific statute or rule dealing with the procedure to be followed for a judgment on the pleadings. A motion for judgment on the pleadings can be made after the pleading is on file and sometime before a final judgment is rendered in the case. (McNew v. Mulcahy (1938) 24 Cal.App.2d 656, 658-659 [76 P.2d 143].) Furthermore, notwithstanding appellant’s contention to the contrary, “[t]he court undoubtedly has power to give judgment on the pleadings on its own motion .... [However,] such an order made without warning, and without affording an opportunity for argument or amendment, may constitute a serious abuse of discretion . . . .” (6 Witkin, Cal. Procedure (3d ed. 1985) § 262, p. 564.) The standard of review is the same as on a judgment following an order sustaining a demurrer. (Ramirez v. USAA Casualty Co. (1991) 234 Cal.App.3d 391, 397 [285 Cal.Rptr. 757].)
A motion for judgment on the pleadings, like a general demurrer, confines the court’s consideration to the face of the pleadings under attack and to matters outside the pleading that are judicially noticeable. No extrinsic evidence can be considered. (Ion Equipment Corp. v. Nelson (1980) 110 Cal.App.3d 868, 881 [168 Cal.Rptr. 361].)
Code of Civil Procedure section 430.30, subdivision (a), provides for the demurrer to a complaint, when the ground for objection thereto appears on its face, or from any matter of which the court is required to or may take judicial notice. We apply the same rule to a judgment on the pleadings.[1] (See Barker v. Hull (1987) 191 Cal.App.3d 221, 224 [236 Cal.Rptr. 285].)
Although the court in the case at bar granted judgment on the pleadings on its own motion without warning and without affording an *Supp. 37 opportunity for argument or amendment, on the facts presented in this appeal we conclude the court’s action did not constitute an abuse of discretion.
The court below, in making its determination to grant judgment on the pleadings, was entitled to take judicial notice of the facts to which the parties stipulated in the action pending before it. (Evid. Code, § 452, subd. (h).)
After the parties executed the lease governing respondents’ tenancy, they executed several addenda. The last addendum was executed November 13, 1986. That addendum provided, effective March 1, 1987, the new rental rate for the subject lease was to be $1,800 per month, and thereafter through the life of the lease, there was to be an annual increase tied to the CPI. The parties in this action stipulated that on August 15, 1990, respondents exercised the option to renew the lease for another five years, until November 30, 1995. Beginning with the date respondents’ predecessors first executed the lease, that is, November 25, 1985, to the date they exercised their option to extend the lease on August 15, 1990, appellant did not demand a monthly income statement. Neither respondents nor their predecessors in interest submitted such statement.
We have examined appellant’s complaint and the stipulation entered into between the parties. The record clearly indicates that respondents exercised their option to extend the life of the lease to November 1995, that the rent to be paid by respondents to appellant during that time was a beginning base rent of $1,973.63, with a CPI increase that was not due until March 1, 1991, and that no other CPI increase would have been due until March 1, 1992.
In view of the fact that the trial court was entitled to take judicial notice of the facts admitted in the stipulation entered into by the parties, the stipulation, when viewed in conjunction with appellant’s complaint, justified the trial court’s granting of a judgment on the pleadings.
The facts set forth in the stipulation demonstrate to our satisfaction that appellant’s notice to pay rent overstated the amount of rent then due. “In order to work the forfeiture of a lease for nonpayment of rent the landlord must demand of the tenant the payment of the exact sum due.” (Johnson v. Sanches (1942) 56 Cal.App.2d 115, 116-117 [132 P.2d 853], italics added.)[2] The notice could not therefore support an unlawful detainer action.
*Supp. 38 III*
IV
The judgment is affirmed. Respondents are to recover their costs on appeal.
Krieger, J., concurred.

See Evidence Code section 451 for matters which must be judicially noticed, section 452 formatters which may be judicially noticed, and section 459 for matters which are judicially noticed on appeal.

We also note that the record does not reflect that appellant ever asked the court for leave to amend his complaint, or that if he had done so, he would have been able to state a cause of action against respondents.

See footnote, ante, page Supp. 33.