# Specht's Estate.

*Contract—Real estate—Agreement to sell—Support for life—Attempted revocation by will—Parties.*

1. Where an elderly man, owning a farm, his wife, his daughter and her husband and the remaining children execute a written agreement in which it is stated that the owner "has rented" the farm to his son-in-law, who is to pay taxes and support the owner and his wife, as long as the owner shall live, and the agreement further states that "We the undersigned agree to sell" for a price

named, the farm to the son-in-law after the death of the owner, the son-in-law to make any repairs and improvements he may wish and that "such repairs and improvements made will be made for himself," the agreement, on the performance of the covenants therein by the son-in-law, vests in the latter an equitable title, which cannot be revoked by the owner by will, or by his children refusing to make a deed for the farm after his death.

2. The children had a mere expectancy of inheritance, with no vested right in the farm. They were not necessary parties to the agreement, and their participating in it was a mere act of precaution by the father.

Argued September 29, 1920. Appeal, No. 114, Oct. T., 1920, by Mahlon G. Specht and William H. Cramer, executors of Emanuel Specht, deceased, from decree of O. C. Somerset Co., No. 118, 1916, for specific performance in estate of Emanuel Specht. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Petition for specific performance of agreement to sell real estate. Before KOOSER, P. J., and PRATHER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court entered a decree of specific performance, directing the executors of Emanuel Specht to execute a deed for the land in question to Joseph W. Wagner, upon payment of the purchase money. The executors appealed.

*Errors assigned,* inter alia, were (28, 29) decree, quoting it.

*Charles P. Hewes,* with him *M. Levant Davis* and *C. L. Shaver,* for appellants.

*Charles F. Uhl, Jr.,* with him *H. F. Yost* and *Charles H. Ealy,* for appellee.

OPINION BY MR. JUSTICE FRAZER, December 31, 1920:

Emanuel Specht, the decedent, was owner of a farm situated in Shade Township, Somerset County, on which he resided with his daughter and her husband, Joseph Wagner, who was employed to work the farm. In 1897 Wagner, becoming dissatisfied with the terms of his employment, announced an intention of removing to a farm he owned in Indiana County, unless other and more satisfactory arrangements were made for his services. Upon receipt of this notice a family conference was called which was attended by decedent and his wife, Wagner and his wife and the son and other two daughters of decedent; as the result of the conference a written agreement, dated April 6, 1897, was entered into by all parties in which it was provided that "Emanuel Specht has rented to Joseph Wagner his farm situated in Shade Township, Somerset County, Pa., upon the following terms, Joseph Wagner to pay all taxes and to board and bed Emanuel Specht and his wife as long as the life of Emanuel Specht for the use of the farm, all repairs and all expenses in the way of repairs and the running of the farm to be borne by Joseph Wagner. In addition to this we the undersigned agree to sell to Joseph Wagner the same farm at the death of Emanuel Specht for the sum of Thirty-six hundred dollars, this being done in order that Joseph Wagner may make such repairs and improvements as he may wish and that such repairs and improvements made will be made for himself."

Pursuant to the provisions of the agreement, Wagner remained on and operated the farm and provided a home for decedent and his wife during their lives, paid the taxes and all expenses of conducting the farm, made necessary repairs, also permanent and substantial improvements, including the erection of a barn, the planting of a sugar camp and orchard and laying cement walks. Decedent stated to uninterested third persons on various occasions that he had sold the farm to Wag-

ner and, so far as appears from the testimony, no question as to the terms and conditions of the agreement arose while the parents lived. Decedent continued to reside with his daughter and son-in-law until the time of his death, which occurred October 23, 1916, at the age of 96 years, his wife having predeceased him in 1915, at the age of 86 years. In November, 1915, while on a visit to his daughter Mary Cramer, who resided in Westmoreland County, decedent met at the home of Mrs. Cramer his son, Mahlon G. Specht, and daughter, Elizabeth Helman, and, while there, and in the presence of the son and two daughters, decedent executed a will prepared at the request of his son, by an attorney residing in the City of Erie, in which he revoked "a certain will and testament, in form and agreement for the rental of my farm to Joseph W. Wagner, executed by me on the 6th day of April, 1897," and devised to his son-in-law "the farm where the said Joseph W. Wagner now resides, reserving therefrom, however, all the coal and other minerals" this devise being "made on condition that he [Wagner] will accept same under this will in lieu of any rights he may claim to have under the leasing agreement made the 6th day of April, 1897, hereinbefore referred to, and that he will forego any rights which he may claim to have thereunder." After the death of decedent, Mahlon Specht, Mary Cramer and Elizabeth Helman gave notice in writing, dated October 25, 1916, to their brother-in-law, Joseph W. Wagner, that "we hereby rescind our offer and agreement to sell you the farm of Emanuel Specht, ......for the sum of Thirty-six hundred ($3600) Dollars, upon the death of Emanuel Specht." Following this notice Wagner tendered $3,600 to the executors of decedent and demanded a deed for the land, which was refused. This refusal upon the part of the executors was followed by a petition to the orphans' court for a decree for specific performance of the agreement to convey the farm in controversy at the death of decedent. The court entered a decree directing the executors to

execute and deliver to Wagner a deed in fee simple for the property upon payment of the sum of $3,600, with interest from the date of decedent's death. Exceptions filed to the findings and decree of court were dismissed and the executors appealed.

Appellants contend the agreement was a tripartite contract between decedent and his wife on the one part, Joseph Wagner and his wife on the other and the three remaining children of decedent as third parties and that, under its terms, decedent merely leased the farm for the term of his life, the agreement to sell being one affecting only the son and daughters. The conclusion to be drawn from this contention is that the contract with Emanuel Specht was merely a leasehold and expired at his death, and that if it be construed as a contract to sell the writing was merely testamentary in form and, consequently, revocable. This argument overlooks the fact that the ownership of the land in question was in decedent, that the son and daughters had but a mere expectancy of inheritance from their parent at the time of his death and no vested right in the property. They were not necessarily parties to the agreement and their participating at the request of their father was, we think, correctly explained by the court below as an act of caution on the part of the parent in "bridging an anticipated stream of turbulence that might flow out of the years intervening between the inception and the completion of the contract. It was an advance-waiver of a possible after-repudiation. It was the written expression of the consensus of opinion of all the possible parties in interest that they approved the contract as conscionable and desirable and deemed it obligatory upon the parties thereto. By joining therein they set their approval upon the valuation fixed for the services to be rendered and consequently their approval of the valuation of the farm." While the provision that "we the undersigned agree to sell" is plural in form and includes parties who, in fact, had no immediate interest

to sell, this language, however, did not affect the liability of decedent as one of the signers under his covenant. The agreement was based on a valid consideration which was fully performed by Wagner, so far as possible for him to perform, during the lifetime of decedent, and the only requirement of its terms remaining to be performed after Emanuel Specht's death was to tender to his executors the purchase price specified, and upon so doing he became entitled to receive a deed for the property. In the meantime the possession of the property and the performance of the agreement by Wagner during the lifetime of decedent vested in him an equitable title and the agreement was not thereafter revocable: Johnson v. McCue, 34 Pa. 180; Smith v. Tuit, 127 Pa. 341; Conlan v. Conlan, 20 Pa. Superior Ct. 45.

The decree is affirmed at the costs of appellants.