*In re* LLOYD'S ESTATE.

1. WILLS—BILL OF SALE—INTENT.

Whether instrument is bill of sale or will depends on whether it intended to transfer present interest in property or to pass interest only on death of maker, and intention, if expressed on face of instrument in plain and unmistakable language, must govern.

2. SAME—EVIDENCE—INTENT.

Where there was no ambiguity in language used in instrument in form of bill of sale, which purported to convey present interest in personal property, extrinsic evidence was not admissible to show that it was intended as will because it failed as bill of sale through nondelivery of property conveyed.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted October 20, 1931. (Docket No. 151, Calendar No. 35,852.) Decided December 8, 1931.

Sherman Lloyd presented an instrument alleged to be the last will and testament of Elias Lloyd. From admission to probate, Joseph Lloyd and others, contestants, appealed to the circuit court. Judgment for contestants. Plaintiff appeals. Affirmed.

*C. F. Gates* (*Manchester, Zirkalose & Smith,* of counsel), for plaintiff.

*Dennis P. Sullivan* (*Cornelius J. Sullivan,* of counsel), for contestants.

McDONALD, J. A written instrument in the form of a bill of sale was admitted to probate in the probate court of Sanilac county as the last will and testament of Elias Lloyd, deceased. On appeal to the circuit court, the decision of the probate court

was reversed, and an order entered disallowing the instrument as a will. From this order the proponent has appealed.

The instrument reads as follows:

"Know all men by these presents, that I, Elias Lloyd of the township of Minden in the county of Sanilac and State of Michigan, of the first part, for and in consideration of the sum of one dollar and other valuable considerations dollars, lawful money of the United States, to me paid by Sherman Lloyd of same place of the second part, the receipt whereof is hereby acknowledged, has bargained and sold, and by these presents do grant and convey, unto the said party of the second part, his executors, administrators or assigns, all the livestock, fowl, grain, seed, farm implements, fuel, fruit, wearing apparel, bedding, furniture, kitchen utensils, food, fixtures, all moneys, accounts, certificates of deposit, notes, in fact everything I possess of whatever name or nature belonging to me and now in my possession at my farm home or elsewhere.

"To have and to hold the same unto the said party of the second part, his executors, administrators and assigns, forever. And the said party of the first part for his heirs, executors and administrators, do covenant and agree to and with the said party of the second part, his executors, administrators and assigns, to warrant and defend the sale of said property, goods and chattels hereby made, unto the said party of the second part, his executors, administrators and assigns, against all and every person or persons whatsoever.

"In witness whereof, I have hereunto set my hand and seal this 25th day of October, one thousand nine hundred and nineteen.

"ELIAS LLOYD.

"Signed, sealed and delivered in presence of:
        "D. LEACH,
        "GUY M. LEACH."

In determining whether the instrument is a bill of sale or a will, the test is, Was it intended to transfer a present interest in property or to pass the interest only on the death of the maker? The intention if expressed on the face of the instrument in plain and unmistakable language must govern. If of doubtful meaning, it may be interpreted with the aid of extrinsic evidence showing the facts and circumstances attending the making of the instrument. *Clay* v. *Layton,* 134 Mich. 317; *Dodson* v. *Dodson,* 142 Mich. 586.

In the instant case, there is no ambiguity in the language used. In form the instrument is a simple bill of sale. The language is that which is ordinarily used in such writings to convey a present interest in personal property; and no one can question that it would have conveyed such an interest if there had been a delivery. But though not effective as a bill of sale, it cannot be held to be a will, because nowhere in the writing is there any indication of an intention to make the transfer of the maker's interest in the property contingent on his death. The plain and unambiguous language of the instrument shows that it was intended to be presently operative. It is not a will. The circuit judge was right in so holding. His judgment is affirmed, with costs against the proponent.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.