**DUEMER et, Plaintiffs-Appellees, v. DUEMER et, Defendants-Appellants.**

Ohio Appeals, First District, Butler County.

No. 954.   Decided April 15, 1949.

Andrews & Weiss, Hamilton, for plaintiffs-appellees.
Kautz, Holbrock & Bosch, Hamilton, Fitton, Pierce & Black, Hamilton, for defendants-appellants.

**OPINION**

By ROSS, PJ.:

This is an appeal on questions of law from a decree of the Court of Common Pleas of Butler County, rendered in a chancery case in favor of the plaintiffs, upon motion for judgment upon the pleadings.

These consist of a petition filed by Louis Richard Duemer and Walter Corlliss Duemer, children of Walter A. Duemer, deceased, who was a brother of Louis J. Duemer, an answer and cross-petition of said Louis J. Duemer and his wife, verified only by Louis J. Duemer, a reply of the plaintiffs, verified only by the next friend of Walter Corlliss Duemer, a minor, an answer and cross-petition of The Second National Bank of Hamilton, Ohio, trustee under the will of Walter A. Duemer, deceased.

No motion for judgment on the pleadings appears in the Bill of Exceptions or among the original papers. However, the entry of the Court, in which judgment is rendered on the pleadings, recites that such a motion was made by the plaintiffs.

In the petition it is alleged that Walter A. Duemer died December 19, 1944, leaving the defendant Hilda H. Duemer

as his surviving spouse and the plaintiffs Louis Richard Duemer and Walter Corliss as his sons and heirs-at-law; that Walter A. Duemer died testate; that his will was admitted to probate January 10, 1945; that, by his will, his entire estate was bequeathed and devised to the Second National Bank of Hamilton, Ohio, pursuant to a trust agreement, executed by the said Walter A. Duemer November 21, 1942; that by the terms of such instrument the widow of decedent was to receive the income of such estate for life; that upon her death, the corpus was to be distributed to plaintiffs; that on June 11th, 1940, the decedent "signed a paper writing designated an agreement, providing that certain real estate hereinafter described and of which he was then an owner should be sold to the defendant Louis J. Duemer for a cash consideration of One Thousand ($1000.00) Dollars, the agreement to be effective and the sale to be made whenever the seller shall cease to operate his business known as Louis Duemer & Sons or shall die, that such instrument was signed by the decedent and his then wife, the defendant Louis J. Duemer and his wife."

The real estate involved is then described in detail.

Further allegations of the petition are, that the only consideration for the agreement to sell such real estate for the price named was "the execution of a similiar instrument by the said Louis J. Duemer and the other parties to the agreemment" executed by the decedent, his then wife and Louis J. Duemer and his wife, "by which it was provided that the said Louis J. Duemer should sell his one-half (½) interest in said real estate, being the other ½ interest therein to the said Walter A. Duemer for One Thousand ($1,000.00) Dollars in cash, to be effective and to obligate the parties whenever the seller should cease to operate his business known as Louis Duemer Pattern Works or shall die."

The petition contains further allegations charging that the consideration of $1,000.00 is grossly inadequate, that the agreement is unenforceable in law because of the death of Walter A. Duemer, that the agreement is without consideration, and constitutes a fraud upon the plaintiffs, that the widow of the decedent and The Second National Bank of Hamilton, Ohio, both feel obligated to carry out the terms of the agreement and will do so unless restrained by order of Court.

For a second cause of action, the plaintiffs charge that the agreement executed by decedent was secured by duress and undue influence of the defendant, Louis J. Duemer, at a time when the decedent was in poor health and lacked mental

capacity to understand the nature, extent, and meaning of such instrument.

For a third cause of action, the plaintiffs charge that by reason of the acts of the defendants they have been deprived of the rent of the premises involved.

This petition was verified only by the next friend of Walter Corlliss Duemer.

In the answer and cross-petition of the defendants, Louis J. Duemer and his wife Carrie S. Duemer, the death of the decedent, the probate of the will, the survival of his widow, and the plaintiffs as his sons and heirs-at-law, the execution of the agreement, are admitted, accompanied by a general denial of other allegations in the petition.

For their first cause of action of their cross-petition, defendants Louis J. Duemer and his wife allege the execution of an agreement by the decedent, a copy of which is attached to the answer and cross-petition and made part thereof.

This agreement has been fully quoted in the syllabus and will not be here repeated.

It is further alleged that the defendants have been ready, willing, and able to perform their part of the agreement ever since the death of the decedent, and are now so ready, able, and willing to perform and that their demands for performance have been refused.

For a second cause of action, the defendants further allege that decedent and the defendant Louis J. Duemer were partners doing business as the Louis Duemer Pattern Works and Louis Duemer & Sons; that on the 23rd of December, 1939 such partnership was voluntarily dissolved, that by the terms of the dissolution agreement the defendant Louis J. Duemer continued to operate that department of the former partnership known as Louis Duemer Pattern Works and Walter A. Duemer continued to operate that department of the former partnership known as the Louis Duemer & Sons engaged in making furnaces, and that by virtue of such agreement the defendant Louis J. Duemer "was to have the exclusive right to occupy the north and south second floors and the north first floor of the building located on the premises described in the petition, and that Walter A. Duemer was to have the exclusive use of and occupy the south first floor and the east part of the first and second floors of such building and the frame warehouse connected therewith, that the plaintiffs and the decedent's wife have ever since the date of decedent's death occupied the premises so allocated to Walter A. Duemer. Prayer is made for an amount equivalent, to the rent of such last described premises.

A demurrer of the plaintiffs was sustained to this second cause of action, but the defendants filed no amended cross-petition. The Court reversed the demurrer against the plaintiffs' third cause of action in its search of the record for the first defective pleading. This cause of action was for recovery of rent. The demurrer was upon the sole ground that no cause of action was stated in the cross-petition of the defendants Louis J. Duemer and his wife. A demurrer to a cross-petition does not search the record.

No amended petition was filed.

The plaintiffs filed "an answer to cross-petition" of the cross-petition of the defendants Louis J. Duemer and wife. This also was verified only by the next friend of Walter Corlliss Duemer. In such pleading, the plaintiffs admit that the only consideration for the agreement executed by decedent was a similar instrument described in the cross-petition of Louis J. Duemer and wife.

It is again further alleged that the consideration of $1,000.00 is grossly inadequate. Otherwise, such pleading is a general denial of the allegations of the cross-petition of Louis J. Duemer and wife.

An answer and cross-petition was filed by the testamentary trustee, in which the essential facts involved were admitted and prayer was made for partition if the court found the agreement of the decedent with the defendant Louis J. Duemer was ineffective.

The plaintiffs began the trial and introduced certain evidence and thereupon made a motion for judgment upon the pleadings.

The trial court granted this motion and entered judgment in which it was found that notwithstanding the agreement of the decedent with his brother, title to one-half (½) of the premises vested in the testamentary trustee and the other half was at all times vested in Louis J. Duemer, and that the title of the entire property should be mutually quieted against any claims arising by virtue of the agreements executed by decedent and his brother the defendant, Louis J. Duemer. The court decreed dismissal of the cross-petition of Louis J. Duemer and his wife, granted the prayer of the plaintiffs, cancelled the contract involved, and granted partition.

An application, which was in effect a motion for new trial was filed.

This action was commenced in November, 1945.

Sec. 11575 GC, was amended re-defining a new trial October 11, 1945. So that such new trial applied to issues of law

as well as of fact, since a new trial was no longer limited alone to issues of fact.

The motion was, therefore, properly and duly filed and the motion to dismiss the appeal, because the notice of appeal, though filed within twenty days from the overruling of such motion for new trial, was not filed within twenty days from the decree of the court, is overruled.

Other procedural defects apparent from the foregoing recital are passed, as consideration of the problems presented by the final action of the trial court are now considered.

It is apparent from the decree of the trial court in this chancery action, which seeks cancellation of a contract and partition, that it considered the contracts involved so far as they affected the rights of the parties after death testamentary in character and unenforceable, because lacking the statutory requirements for testamentary disposition of a decedent's estate.

In so concluding the trial court was in error, as is evident from the overwhelming weight of authority hereinafter noted.

Liability based upon mutual covenants or promises has been recognized at common law, even when such promises were oral ever since Slade's Cases in 1603 (4 Coke 92 b. 76 Eng. Reprint 1074) and long before that date, when such obligations were contained in contracts under seal.

There can not be the slightest doubt that the parties to these agreements entered into binding contracts, in which the obligations incurred were made absolutely irrevocable after execution of the instruments.

Only one contingency stipulated presents a situation where the execution of the obligation of one party may necessarily fall upon his personal representatives or heirs. Such being the case, such obligations take precedence pro tanto over the bequest and devise to the testamentary trustee, and it would appear from certain of the allegations, supra, that this is recognized by the widow of decedent and the decedent's testamentary trustee.

The language of the contracts applicable to the contingency of death has no effect except to postpone final execution of the irrevocable obligation assumed by the decedent until after his death. That such provision is not testamentary in character and is found in many enforceable contracts other than partnership contracts, where it is also recognized as binding upon the personal representatives and heirs, is also apparent from the authorities hereinafter noted.

As to the amount of the consideration to be paid by the surviving party to the contract, this is incidental and incon-

sequential from the standpoint of consideration which in this case was the complementary obligation assumed by the other party in executing a mutual, identical contract. The pleadings show that such is the understanding of the parties to this action. The contracting parties agreed upon the sum to be paid and their agreement on this point as all others was irrevocable, and binding from the time the contracts were executed.

As to the objection that the contract calls for a warranty deed, it is a rule that the language used in a contract shall be construed, if possible, so as to give effect to the intention of the parties and that from the terms of the contract the court must assume as nearly as possible the position of the parties. Evidence aliunde is not here permitted, nor is the same necessary to ascertain such intention. It is apparent obviously that the reference to a warranty deed applies only to the decedent and his wife and to the alternative contingency —the cessation of the business of the decedent before death. In any event if this were not apparent the surviving party may waive such.

In Section 40, Wills, 57 Am. Jur., p. 67, 68, it is stated:

"The undertaking of a party to a contract is made in consideration of something to be paid or done by or on behalf of the other party, so that the obligation to do and the right to require performance are reciprocal. A will, on the other hand, is simply a statement of a purpose or wish of the maker as it exists at the time. As often as his purpose or wish changes, he may change the expression of it. The binding force of a contract comes from the aggregatio mentium of the parties. The binding force of a will comes from the fact that it is the last expressed purpose of the testator in regard to the disposition of his property after his own death. A contract creates a present, enforceable, and binding right over which the promisor has no control without the consent of the promisee, while a testamentary disposition operates prospectively and is wholly ambulatory until the testator's death. Although contracts and wills are so unlike, that they may be and sometimes are combined so as to give a testamentary character to what purports to be a contract, or to convert what purports to be a will into an irrevocable agreement. It affords no insurmountable objection to the testamentary character of an instrument that it contains provisions of a contractual nature. Thus, a writing reciting that it is executed and founded on a designated consideration may be upheld as a will.

"The dominant purpose of the maker of an instrument as manifested therein controls in determining whether the instrument is a contract or a will. Whether any given writing is a will or a contract must be determined by the character of its contents, rather than from its title or any formal words with which it may begin or conclude, but words which do not change the legal effect of the instrument may, nevertheless, be significant by revealing the intention with which it was made. The rule is that if the obligation prescribed by an instrument in the form of a written contract is revocable and the vesting of an interest or title thereunder is postponed until the death of the obligor, the instrument is testamentary in character and ineffective unless executed in the manner prescribed by statute for the execution of wills. On the other hand, a contract does not take on a testamentary character merely because its performance is postponed until after the death of the maker and devolves upon his representatives. The Statute of Wills does not prevent an owner of property from stipulating by contract for the disposition of his property at the time of his death. The fact that the performance of a contract for the direct benefit of a third person expressly designated, is postponed until the death of the promisee does not affect the third person's rights. An unconditional promise to pay, made to mature at or after the death of the promisor, is none the less a present, valid, and binding promise because at the time or in the same instrument he expresses his purpose or makes the further promise, to make testamentary provision for meeting and discharging his promise to pay."

See, also: Section 302, Contracts, Am. Jur., p. 857; **Section 7, Contracts, 9 Ohio Jur., p. 266**; Section 312, Partnership, Am. Jur., p. 347. Incidentally, it does not appear why partners should be able to avoid the Statute of Wills by inter vivos contracts, and others not.

See, also: Section 271, Contracts, C. J. S., p. 653, Note 78.

In 1 A. L. R. (2d), at page 1171, there appears the case of Howe's Estate, 31 Cal. (2d) 395, fully reported. It is an excellent case supporting the conclusions herein reached. At page 1178 of the same volume is found an exhaustive annotation of this case, in which are gathered the decisions of the courts upon every phase of this question. Any detailed consideration of these supporting cases would amount to an wholly unwarranted and unnecessary extension of this opinion. Reference to the fully detailed consideration of such cases will develop ample support also for the conclusions here reached.

On page 1184 of the annotations it is stated:

"Upon examining the cases as a whole, it becomes evident. that, as a general principle, supported by the marked weight. of authority, a provision in an otherwise sufficient contractual instrument, fixing the time for payment or performance at, or at a prescribed time after, the death of the party promising such payment or performance, ordinarily does not impair the instrument's validity as a contract. General support for this. proposition is derived from the following cases:"

It will be noted that on page 1187, the following Ohio cases are cited:

"**Ohio Wesleyan Female College v. Higgins (1864) 16 Oh St, 20.**. See also **Judy v. Louderman (1891) 48 Oh St, 562, 29 N. E. 181,** and Hooker v. Wittenberg College (1873) 13 Ohio Dec Reprint 946, 2 Cin Super 353."

Reference to these cases will show that the Ohio rule is: in line with the weight of authority.

The plaintiffs rely somewhat upon the case of **Needles v. Needles, 7 Oh St, 432.** An examination of this case will show that the decision is grounded on want of consideration. The alleged consideration for the post mortem execution being executed gifts to the promisor. See, page 1212, 1 A. L. R. (2d) for comment on this case. On page 1210 (2d) the "'opposing view", led by New Jersey, is considered, and the New Jersey case, University v. Conover, 115 N. J. L. 468, cited by the plaintiffs is noted as being in the minority column. See page 1218,. where the case of Knoll v. Hart, 308 Pa. 223, is considered. As· to this type of cases it is stated:

"As heretofore indicated (sections 13 and 14, supra), there is more difference of opinion upon the present general subject where instruments relating to property are concerned than exists as to instruments merely calling for post mortem payment of money. The line of division between testament and contract is not so definitely agreed upon where title to property is at stake.

"Clearly, however, the factors of revocability and ineffectiveness prior to the maker's death will serve to fix an instrument's character as testamentary rather than contractual, whether it relates to money or property rights. So it has been stated that the rule is that if the obligation prescribed.

by an instrument in the form of a written contract is revocable and the vesting of an interest or title thereunder is postponed until the death of the obligor, the instrument is testamentary in character and ineffective unless executed in the manner prescribed by statute for the execution of wills."

Taking up the citations of the plaintiffs in support of their position, not hereinbefore considered, reliance is placed upon the case of University v. Conover, 115 N. J. L. 468, supra. Aside from the fact that the facts in this case are radically different from those in the case at bar, the holding is in conflict with **College v. Higgins, 16 Oh St, 20.** It will be noted also that the New Jersey case is included in the minority column. (1 A. L. R. (2d) pp. 1188, 1204, 1206, 1210, 1218.)

Knoll v. Hart, 308 Pa. St., 223, supra. If actually an opinion in the minority column is distinguishable upon the basis of past consideration and similar in that respect to **Needles v. Needles, 7 Oh St 432.** The position of the Pennsylvania Courts is shown in Specht's Estate, 268 Pa. 384. See, 1 A. L. R. (2d) 1253.

Lloyd Estate, 256 Mich. 305.

In this case an ordinary bill of sale was proffered as a will and held not to be such.

In Ireland v. Lester, 298 Mich. 154, quoted from hereinafter, mutual contracts similar in many respects to the instruments here under consideration were held to be contractual and not testamentary.

Hydrich v. Hydrich, 142 S. C. 531, recognizes the general rule and is found in the majority column (1 A. L. R. (2d) p. 1199). An examination of this case will show the promise was tentative and based upon a past consideration falling within the scope of the case of **Needles v. Needles, 7 Oh St, 432.** See, 1 A. L. R. (2d) p. 1223.

Herren v. Herren, 152 Okla. 281. This case involved a deed, transfer of title to take effect upon death of grantor. No consideration was mentioned for such deed. The decision was by a divided court. Oklahoma is in the majority column, as will appear from the case of Bank v. Lee, 192 Okla. 9, in which a mother, for a valuable consideration, endorsed an order to her executors to pay a note payable to her son. Held, contractual and not testamentary. Such was the case in **Judy v. Louderman, 48 Oh St, 562.** See, Comment, 1 A. L. R. (2d) 1225, 1230.

Gillespie v. Gillespie, 289 S. W. 579, cited also by plaintiffs, involved a deed to a wife at request of a husband followed by deed from husband to wife, in which use of property was re-

tained for life. Held, that title passed to wife, although possession retained by husband during life. This case seems to support the majority rule, and that Missouri is in that column is shown by Green v. Whitney, 271 Mo. 636, 1 A. L. R. (2d) p. 1198.

Cohen v. Klein, 209 Cal. 421, involves the construction of a deed containing a provision postponing possession until death of grantor and held testamentary in character. The court notes the case of Montgomery v. Reeves, 167 Ga. 623, contra. The case of Howe's Estate, 31 Cal. (2d) 395, the principal case upon which the A. L. R. Annotation is predicated shows California in the majority column. 1 A. L. R. (2d) 1171.

Jennings v. Jennings, 173 Ga. 428, is directly in line with the majority rule. It was held therein that a deed postponing possession until death of grantor valid and not testamentary. See, 1 A. L. R. (2d) 1185, 1197, 1201. Note also, Comment of Court in Cohen v. Klein, supra, 209 Cal. 421.

Osgood v. McKee, 343 Ill. 470, is in line with the majority rule, and, contrary to some authorities noted, holds a deed valid, where delivered to a third person, although the deed was not to be delivered to grantee until grantor's death. See, 1 A. L. R. (2d) 1185, 1192, 1197.

Purcell v. Baskett, 121 Kan. 678, involved a deed which provided that it was void until the death of grantor. That Kansas is in line with the majority rule will be seen from the cases noted. 1 A. L. R. (2d) 1185, 1188, 1198, 1208. See, in particular, Webster v. Camp, 107 Kan. 235, noted 1 A. L. R. (2d) on p. 1189.

Ferrara v. Russo, 40 R. I. 533, seems to be in the minority column. See, Comment, 1 A. L. R. (2d) p. 1210.

As opposed to these cases are the long line of cases collected in the A. L. R. notes. Two of these cases seem worthy of special comment. In Ireland v. Lester, 298 Mich. 154, the Court holds:

"1. A bilateral contract consisting of mutual promises to sell or buy, to be determined in the future by an event sure to occur, is not terminated by the death of either party unless the contract is personal in nature.

"2. The fact that the death of one of the parties is to determine the time of performance does not of itself make the agreement testamentary for it is as proper to set death as a date for performance as any other time that could be stipulated.

"3. An instrument that is testamentary in character operates only upon and by reason of the death of the maker, and, until

then, it has no effect or force, the ambulatory quality being a characteristic of wills.

"4. A valid contract does not fall into the testamentary class simply because it is performable after the death of one of the parties.

"7. Under contract between partners whereby upon death of either during continuance of contract, decedent's interest in partnership business should be sold to survivor at an agreed sum and partners stated when contract was signed that the widow of the first decedent was to receive the full consideration and no change was made in contract before one of them died, leaving issue by former wife in addition to widow, deceased's widow could enforce it as a third party beneficiary as her rights vested thereunder upon its execution."

In Ga Nun v. Palmer, 216 N. Y. 603, Judge Cardozo states at page 609:

"The first clause, it is said, is part of a contract; the second, part of an informal will. The first, it is said, gives rise to an irrevocable obligation; the second is the expression of a transitory purpose, which may be canceled over night. We find no warrant for this dismemberment of the contract. On the one side we have the plaintiff's promise to care for Miss Sands during life; on the other we have the promise of the reward for the service. There is nothing to show that one part of this reward was to be irrevocable, and that another was to be revocable. Each promise in its entirety is the consideration for the other. It makes no difference in such circumstances that part of the reward is payable after death. The character of the promise is not changed by the time fixed for its performance (Hegeman v. Moon, 131 N. Y. 462; Carnwright v. Gray, 127 N. Y. 92; Robb v. Washington & Jefferson College, 185 N. Y. 485). It makes no difference that the reward may seem to be extravagant in amount. Unless there is fraud or undue influence, the inadequacy of the consideration does not destroy the obligation of the contract (Earl v. Peck, 64 N. Y. 596; Matter of Bradbury, 105 App. Div. 250, 255). It makes no difference that the contract is for the payment of a specific fund, to be found in a specific place. If the promisor has made away with the fund, she must answer for the breach by the payment of an equal sum as damages (N. Y. News Publishing Co. v. Nat. Steamship Co., 148 N. Y. 39; Simmon v. Etgen, 213 N. Y. 589). The canon of construction which prefers

the meaning that will sustain rather than one that will defeat an instrument, reinforces these conclusions. Treat the promise as testamentary, and it is not effective for any purpose; there is no suggestion that the writing was executed with the formalities requisite for wills. Treat it as contractual. and it is precisely adapted to the attainment of the end in view. In fine we discover in this writing all the elements of a valid contract, and we are not at liberty, for the purpose of destroying its validity, to construe it as anything else."

It would appear, therefore, that the motion of the plaintiffs for judgment on the pleadings should have been overruled.

The judgment of the trial court is reversed, and the case is remanded to the Court of Common Pleas of Butler County for further proceedings according to law.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.