Filed 8/17/20  Valencia Town Center Venture v. Urban Home CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| VALENCIA TOWN CENTER VENTURE, L.P.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>URBAN HOME, INC.,<br><br>    Defendant and Appellant. | B296554<br><br>(Los Angeles County Super. Ct. No. BC716236) |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory W. Alarcon, Judge.  Reversed.

Law Office of Daniel J. Bramzon & Associates and Daniel J. Bramzon, Ross T. Kutash, Kevin P. Hermansen, for Defendant and Appellant.

Ballard Spahr, Brian D. Huben, for Plaintiff and Respondent.

---

Defendant and appellant Urban Home, Inc. (Tenant), appeals from a judgment following a jury trial in favor of plaintiff and respondent Valencia Town Center Venture, L.P. (Landlord) in this unlawful detainer action. On appeal, Tenant contends there was no substantial evidence to support finding that Landlord served a valid notice to pay rent or quit under Code of Civil Procedure section 1161, subdivision (2),[1] because the notice did not state the name of the person to whom payments must be made. We conclude the statement in the notice to deliver rent payments to an individual named by job title only, when no employee in the office held that job title, on company letterhead and signed by a person with a different job title, did not support the finding that the notice stated the name of the person to whom rent payments must be made. Since we agree there is no substantial evidence that Landlord met the statutory requirements, we reverse.

## FACTS

Tenant entered into a lease with Landlord on October 21, 2014. The lease provided for rental payments to be made

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

2

to Valencia Town Center Venture, L.P., at a post office box address in Pasadena.

Tenant received a notice to pay rent or surrender possession pursuant to section 1161, subdivision (2), dated July 17, 2018. The notice stated that unpaid rent totaling $74,465.40 was due for June 1 and July 1, 2018, and provided five days for Tenant to pay rent in full or deliver possession of the premises. The notice also stated, "PLEASE PERSONALLY DELIVER ALL PAYMENTS PURSUANT TO THIS NOTICE TO GENERAL MANAGER AT THE MANAGEMENT OFFICE OF VALENCIA TOWN CENTER. ANY PAYMENTS MADE TO ANY OTHER LOCATIONS WILL NOT BE DEEMED RECEIVED UNTIL DELIVERED TO THE MANAGEMENT OFFICE." The notice provided the address of the management office and a telephone number with an extension. It further stated, "General operating hours of the Management Office are Monday through Friday from 8:30 a.m. to 5:30 p.m."

The letterhead of the notice showed Westfield Valencia Town Center at the same address. The notice was signed by Logan Abbene, as the Assistant General Manager Westfield Valencia Town Center, on behalf of Westfield Property Management, LLC, as manager and agent for Landlord. Abbene's supervisor is Corin Rokonowicz, whose job title is Senior General Manager. No one in the office has the title of General Manager. The notice was typed by an administrative assistant in the office.

Additional per diem damages of $93,030.75 accumulated from the date of the notice to the date of trial.

## PROCEDURAL BACKGROUND

Landlord filed an unlawful detainer action on August 2, 2018. A trial was held on October 12 and 15, 2018. In closing argument, Tenant argued that the notice to pay or quit was sent to the wrong address. The notice was defective because it failed to state the name of a person to whom the rent must be paid. Even the job title that was stated in the notice did not match the title of any employee in the office. Landlord responded that the management company experienced personnel changes from time to time, but the form notice used by the management company satisfied the other requirements of the statute for legal notice and provided a name at the bottom where it was signed by Abbene. Moreover, there was no evidence that Tenant attempted to deliver a check to Abbene after receiving the notice.

The trial court instructed the jury in the language of CACI 4303 as follows: "[Landlord] claims that it properly gave [Tenant] a five-day notice to pay the rent or vacate the property. . . . To prove that the notice contained the required information and was properly given, [Landlord] must prove all of the following: One, that the notice informed [Tenant] in writing that it must pay the amount due within five days or vacate [the] property. Two, that the

notice stated no more than the amount due and the name, telephone number, and address of the person to whom the amount should be paid. And three, that the notice was given to [Tenant] at least five days before August 2nd, 2018."

The jury found Tenant failed to make at least one rental payment and Landlord properly gave Tenant a written notice to pay the rent or vacate the property at least five days before August 2, 2018. The amount due stated in the notice was no more than the amount that Tenant actually owed, and Tenant did not attempt to pay the amount stated in the notice within five days after service or receipt of the notice. The total unpaid rent was $74,465.40. Landlord's damages were $93,030.74.

The trial court entered judgment on the special verdict on January 7, 2019, in favor of Landlord. In January 2019, Tenant moved for a new trial on the ground that the notice to pay rent or quit failed to state the name of the person to whom the rent payment must be made as required under section 1161, subdivision (2). Tenant also filed a motion for judgment notwithstanding the verdict on the same ground. The trial court denied the motions on March 8, 2019. Tenant filed a timely notice of appeal from the judgment.[2]

---

[2] Landlord's request for judicial notice filed on February 14, 2020, is denied; the newspaper advertisements and pleadings in other court cases were not before the trial court and are not relevant to the issues in this case.

# DISCUSSION

## Standard of Review

To the extent that an issue involves statutory interpretation and the application of a statute to undisputed facts, we exercise our independent judgment and review the matter de novo. (*Wright v. Beverly Fabrics, Inc.* (2002) 95 Cal.App.4th 346, 352.) "'[W]e begin with the statutory language because it is generally the most reliable indication of legislative intent. [Citation.] If the statutory language is unambiguous, we presume the Legislature meant what it said, and the plain meaning of the statute controls. [Citation.]' (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 211.) To the extent the statutory language may reasonably be given more than one interpretation, we may 'employ various extrinsic aids, including a consideration of the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute. [Citation.]' (*In re Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1214.)" (*Foster v. Williams* (2014) 229 Cal.App.4th Supp. 9, 14 (*Foster*).) "It is a cardinal rule of statutory construction that in attempting to ascertain the legislative intention, effect should be given as often as possible to the statute as a whole and to every word and clause, thereby leaving no part of the provision useless or deprived of meaning." (*Pham v. Workers' Comp. Appeals Bd.* (2000) 78 Cal.App.4th 626, 634.)

6

We review factual findings to determine whether they are supported by substantial evidence. (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266 (*ASP Properties*).) "Under the substantial evidence standard of review, 'we must consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.] [¶] It is not our task to weigh conflicts and disputes in the evidence; that is the province of the trier of fact. Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment. Even in cases where the evidence is undisputed or uncontradicted, if two or more different inferences can reasonably be drawn from the evidence this court is without power to substitute its own inferences or deductions for those of the trier of fact, which must resolve such conflicting inferences in the absence of a rule of law specifying the inference to be drawn. . . . [Citations.]' (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630–631.) To be substantial, the evidence must be of ponderable legal significance, reasonable in nature, credible, and of solid value. (*Id.* at p. 631; *Oregel v. American Isuzu Motors, Inc.* (2001) 90 Cal.App.4th 1094, 1100.) However, substantial evidence is not synonymous with *any* evidence. (*Oregel, supra,* at p. 1100; *Toyota Motor Sales U.S.A., Inc. v. Superior Court* (1990) 220 Cal.App.3d 864, 871.) 'The ultimate test is whether it is reasonable for a trier of fact to make the ruling

in question in light of the whole record.' (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 652.)" (*ASP Properties, supra,* 133 Cal.App.4th at p. 1266.)

## Name of the Person to Whom Rent Payment Shall be Made

Tenant contends there is no substantial evidence to support finding that the notice in this case stated the name of the person to whom the rent payment must be made. We agree.

Section 1161, subdivision (2), provides in pertinent part that a tenant is guilty of unlawful detainer "[w]hen he or she continues in possession . . . without the permission of his or her landlord . . . after default in the payment of rent, pursuant to the lease or agreement under which the property is held, and three days' notice, excluding Saturdays and Sundays and other judicial holidays, in writing, requiring its payment, stating the amount which is due, the name, telephone number, and address of the person to whom the rent payment shall be made, and, if payment may be made personally, the usual days and hours that person will be available to receive the payment (provided that, if the address does not allow for personal delivery, then it shall be conclusively presumed that upon the mailing of any rent or notice to the owner by the tenant to the name and address provided, the notice or rent is deemed received by the owner on the date posted, if the tenant can show proof of mailing to

the name and address provided by the owner), or the number of an account in a financial institution into which the rental payment may be made, and the name and street address of the institution (provided that the institution is located within five miles of the rental property), or if an electronic funds transfer procedure has been previously established, that payment may be made pursuant to that procedure, or possession of the property, shall have been served upon him or her and if there is a subtenant in actual occupation of the premises, also upon the subtenant."

"'A valid three-day pay rent or quit notice is a prerequisite to an unlawful detainer action. [Citations.] Because of the summary nature of an unlawful detainer action, a notice is valid only if the lessor strictly complies with the statutorily mandated notice requirements. [Citation.]' (*Bevill v. Zoura* (1994) 27 Cal.App.4th 694, 697.) A judgment must be reversed when it is based on a three-day notice which lacks the information required by Code of Civil Procedure section 1161, subdivision (2). (See *Baugh v. Consumers Associates, Ltd.* (1966) 241 Cal.App.2d 672, 674, superseded by statute on other grounds as stated in *WDT–Winchester v. Nilsson* (1994) 27 Cal.App.4th 516, 526; *Jayasinghe v. Lee* (1993) 13 Cal.App.4th Supp. 33, 37.)" (*Foster v. Williams, supra*, 229 Cal.App.4th Supp. at p. 14.)

The Legislature amended section 1161, subdivision (2), in 2001, to require a notice to pay rent or quit disclose the name, telephone number, and address of the person to whom the rent must be paid. (Assem. Com. on Judiciary, Analysis

of Sen. Bill No. 985 (2001–2002 Reg. Sess.) as amended May 17, 2001, p. 3.)  The disclosure requirement was added based on concerns that without the information, "the tenant is unsure of whom to pay, and this confusion could lead to an unlawful detainer action."  (*Id*. at p. 6.)  The provision was intended to protect both landlords and tenants "by setting forth clear rules for payment to whom and where."  (*Ibid*.)

It is undisputed that in this case, the notice did not explicitly instruct Tenant to deliver rent payments to a natural person identified by a proper name.  The notice instead instructed Tenant to deliver rent payments to an unnamed natural person who was to be identified by their job title.  We need not decide whether identification of a natural person by their job title, and not their name, is sufficient to meet the requirements of the statute, because here the undisputed evidence showed that no individual had the designated job title at the address given in the notice.  Since the notice explicitly directed Tenant to make rent payments to the general manager, it cannot reasonably be inferred that the notice instructed Tenant to deliver payments a different natural person with a different job title—such as Mr. Abbene, the Assistant General Manager— just because that person was identified as the signatory on the notice.

Landlord also contends the notice satisfied section 1161, subdivision (2), because the name of the entity "Westfield Property Management, LLC" appeared on the

notice, and that entity is a "person" under California law.[3] We need not decide whether the name of a person under section 1161, subdivision (2), includes the name of an entity, because here the notice did not direct Tenant to make payment to Westfield Property Management, LLC. The notice directed payment to the "General Manager at the Management Office of Valencia Town Center." Westfield Property Management, LLC was identified in the signature block as the "manager and agent" of Landlord, not as the "General Manager." It would not be reasonable to infer from a direction to deliver rent payments to the General Manager at "THE MANAGEMENT OFFICE OF VALENCIA TOWN CENTER," on the letterhead of "Westfield Valencia Town Center," at the same address and signed by the Assistant General Manager of "Westfield Valencia Town Center," that the "person" to be paid was a different entity in the signature block, namely "Westfield Property Management, LLC, a Delaware limited liability company."

Although Tenant might have been able to use information scattered throughout the notice to learn the name of the person to deliver the rent payments to, the statute required the notice to provide the name of the person, not puzzle pieces that form the starting point for research. A form notice that is not tailored to provide

---

[3] Evidence Code, section 175 provides: "'Person' includes a natural person, firm, association, organization, partnership, business trust, corporation, limited liability company, or public entity."

11

specific payment information to a distressed tenant defeats the purpose of the statute and fails to meet the requirements of the statute. There was no substantial evidence to support the finding that the notice stated the name of the person to whom rent payments must be made. As a result, the judgment must be reversed.

We do not consider Landlord's contention, raised for the first time on appeal, that Tenant waived the right to notice under section 1161. (See *Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417 [issues not raised in the trial court, which do not present a purely legal question on undisputed facts, cannot be raised for the first time on appeal]; *Royster v. Montanez* (1982) 134 Cal.App.3d 362, 367 [factual issues not presented to the trial court are generally waived on appeal].) The notice in this case explicitly stated at the top that it was a notice to pay rent or surrender possession under section 1161, subdivision (2). In addition, we decline to find the appeal is moot based on actions in other cases, particularly in light of the monetary damages awarded.[4]

---

[4] We grant Landlord's request for judicial notice of an advertisement and of specified court dockets regarding other unlawful detainer matters against Tenant that relate to Landlord's contention regarding mootness.

## DISPOSITION

The judgment is reversed.  Appellant Urban Home, Inc. is awarded its costs on appeal.


MOOR, J.

We concur:



BAKER, Acting P. J.



KIM, J.